UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHARLENE F. MCDONALD, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:16 CV 1346 RWS |
| ) | |
| EDWARD D. JONES & CO., L.P., et al., ) | |
| ) | |
| Defendants. ) | |

# **MEMORANDUM AND ORDER**

Plaintiff Charlene McDonald is a plan participant in Defendant Edward D. Jones & Co. L.P.'s (Edward Jones) profit sharing and 401(k) plan (the Plan). Her complaint asserts that Defendants breached their fiduciary duty and engaged in prohibited transactions related to the Plan in violation of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 et seq. (ERISA). McDonald filed this action on her own behalf, on behalf of a class of other persons similarly situated, and on behalf of the Plan. Defendants have moved to dismiss McDonald's claims on a variety of grounds. I will deny Defendants' motion in part because McDonald's complaint states viable claims. However, I will grant Defendant The Jones Financial Companies, L.L.L.P.'s motion to dismiss because the complaint fails to allege any facts which would establish that entity is a plan fiduciary.

*Legal Standard*

When ruling on a motion to dismiss, I must accept as true all factual allegations in the complaint and view them in light most favorable to the Plaintiff. Fed. R. Civ. P. 12(b)(6); <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007). The purpose of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is to test the legal sufficiency of the complaint. An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007). To survive a motion to dismiss, a plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level. <u>Id.</u> at 555.

*Discussion*

Plaintiff Charlene McDonald is a plan participant in Defendant Edward Jones profit sharing and 401(k) retirement plan. Edward Jones is the Plan Administrator. Edward Jones is a subsidiary of Defendant The Jones Financial Companies, L.L.L.P. (Jones Financial). Defendant Edward Jones Investment and Education Committee selects Plan investments and educates Plan participants about the Plan. Committee members include partners of Edward Jones as well as officers and/or employees of Edward Jones.

When selecting investments for a retirement plan, ERISA requires plan fiduciaries to discharge their duties with respect to the plan solely in the interest of the participants and beneficiaries; act prudently; and defray reasonable plan

administration expenses. 29 U.S.C. § 1104(a)(1).

McDonald alleges in her complaint that Defendants breached their fiduciary duties imposed by ERISA regarding the Plan's investment options. Specifically, McDonald alleges that Edward Jones receives asset fees and sales fees from "Preferred Product Partners" for many mutual funds it offers as investment options in its Plan. In addition, McDonald alleges that Defendants breached their duties because the Plan offers investment options which pay higher management fees for some of the mutual funds than fees charged by identical mutual funds available to the Plan. McDonald's complaint specifically identifies several of these funds including the American Funds Money Market Funds. McDonald also asserts that Defendants breached their duties by paying recordkeeping fees for the Plan which are excessive compared to available alternatives.

Plaintiff Charlene McDonald, as a Plan participant brings this suit under 29 U.S.C. § 1132(a)(2) to recover for the Plan the remedies provided under 29 U.S.C. § 1109(a). McDonald's class allegations seek to certify a class of all participants of the Plan during the relevant time period from August 19, 2010 to the date of the judgment.

Defendants have moved to dismiss McDonald's complaint on several grounds. Defendants argue that the breach of fiduciary claims should be dismissed because Defendants fulfilled their duties by offering an array of investment options. McDonald's complaint asserts that Defendants violated their fiduciary

obligations and affiliated themselves with funds which benefited Defendants at the expense of the Plan participants. Defendants' defense that they offered an array of investment options does not insulate Defendants from McDonald's claims. See Krueger v. Ameriprise Financial, Inc., 2012 WL 5873825 (D. Minn. Nov. 20, 2012).

Defendants argue that the complaint fails to state a claim for a breach of fiduciary duties and for a failure to defray plan expenses. I find that the complaint, when read as a whole, has provided sufficient facts to plausibly state these claims. Defendants dispute the complaint's factual allegations and argue that they acted within ERISA"s standards. In deciding a motion to dismiss I must determine whether the complaint states a claim for relief. Defendants' arguments in support of their motion to dismiss challenge the factual allegations of the complaint and are premature at this stage of the litigation.

Defendants argue that McDonald does not have standing to challenge the Defendants' duties regarding the Plan funds in which she did not personally invest. However, in addition to bringing claims on her own behalf, McDonald is seeking relief on behalf of the Plan. In a suit brought pursuant to 29 U.S.C § 1132(a)(2), a plan participant may seek recovery for the plan even where the participant did not personally invest in every one of the funds that caused an injury to the plan. Branden v. Wal-Mart Stores, Inc., 588 F.3d 585, 593 (8th Cir. 2009).

Defendants argue that McDonald's breach of fiduciary duty claims are time

barred. McDonald's complaint alleges that Defendants breached their fiduciary duties by making imprudent investments. Section 1113(2) of ERISA provides that a limitations period to bring an action runs from three years after the earliest date on which the plaintiff had actual knowledge of a breach of the statute. In her complaint McDonald alleges that she did not discover the "substance of deliberations, if any, of Defendants concerning the Plan's menu of investment options or selection of service providers during the Class Period" until shortly before commencing the action. Doc. # 2, Amend. Compl. ¶ 15. For purposes of a motion to dismiss a plaintiff's factual allegations are deemed true. It appears from the face of the complaint that this action was timely filed.

Finally, Defendants finally argue that Defendant Jones Financial, Edward Jones parent, should be dismissed from this action because it was not a plan fiduciary. See 29 U.S.C. § 1002(21)(A) (a person is a fiduciary with respect to a plan to the extent he exercises any discretionary authority or discretionary control respecting the management of the plan or exercises any authority or control respecting the management or disposition of its assets). McDonald's complaint does not allege that Jones Financial was a plan fiduciary nor does it assert any facts which would establish Jones Financial was a plan fiduciary. As a result, I will grant the motion to dismiss as to Jones Financial.

Accordingly,

5

**IT IS HEREBY ORDERED that** Defendants' motion to dismiss [26] is **GRANTED in part and DENIED in part**. The motion is granted as to Defendant The Jones Financial Companies, L.L.L.P. who is dismissed form this case. The motion is denied as to all other grounds.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 26th day of January, 2017.