UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| WINDLE POMPEY, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 4:16-cv-1346-RWS |
| | ) | |
| EDWARD D. JONES & CO., L.P., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS, IN PART,
THE CONSOLIDATED COMPLAINT**

CAHILL GORDON & REINDEL LLP
Thomas J. Kavaler (*pro hac vice*)
Jonathan D. Thier (*pro hac vice*)
80 Pine Street
New York, New York 10005

DOWD BENNETT LLP
James F. Bennett, #46826MO
James E. Crowe, III, #50031MO
7733 Forsyth Blvd., Suite 1900
St. Louis, Missouri 63105

March 31, 2017

## TABLE OF CONTENTS

INTRODUCTION ...................................................................................................................1

RELEVANT FACTS

      A.    SUMMARY OF PLAINTIFFS' ALLEGATIONS ......................................................2

      B.    THE PLAINTIFFS ..............................................................................................5

STANDARD OF REVIEW

      A.    PLAINTIFFS MUST DEMONSTRATE STANDING UNDER RULE 12(b)(1).........5

      B.    PLAINTIFFS MUST STATE A CLAIM UNDER RULE 12(b)(6) .........................6

ARGUMENT

      I.    PLAINTIFFS' NEW ALLEGATION RELATING TO "FUNDS [ALLEGEDLY] MANAGED BY EDWARD JONES" FAILS TO STATE A CLAIM AND IS TIME-BARRED ............................................................6

            A.    PLAINTIFFS HAVE NOT STATED A VIABLE CLAIM ...........................7

            B.    THE CLAIM IS TIME-BARRED ..........................................................9

      II.    COUNT II FAILS TO STATE A CLAIM AS TO THE COMMITTEE...................11

      III.    PLAINTIFF POMPEY LACKS ARTICLE III STANDING TO PURSUE CLAIMS REGARDING THE PLAN......................................................................12

CONCLUSION....................................................................................................................15

**<u>TABLE OF AUTHORITIES</u>**

**Page(s)**

**Cases**

*Adamson* v. *Armco, Inc.,*
    44 F.3d 650 (8th Cir. 1995) ............................................................................. 13-14

*Ashcroft* v. *Iqbal,*
    556 U.S. 662 (2009) ............................................................................................ 6-7

*Baker* v. *Universal Die Casting, Inc.,*
    725 F.Supp. 416 (W.D. Ark. 1989) ......................................................................1n

*Bell Atlantic Corp.* v. *Twombly,*
    550 U.S. 544 (2007) ..............................................................................................6

*Braden* v. *Wal-Mart Stores, Inc.,*
    588 F.3d 585 (8th Cir. 2009) ................................................................................8

*Brown* v. *American Life Holdings, Inc.,*
    190 F.3d 856 (8th Cir. 1999) ..............................................................................10

*Business Incentives Co., Inc.* v. *Sony Corp. of America,*
    397 F.Supp. 63 (S.D. N.Y. 1975) .......................................................................1n

*Chesterfield Spine Center, LLC* v. *Healthlink HMO, Inc.,*
    No. 4:15 CV 1169, 2016 WL 427952 (E.D. Mo. Feb. 4, 2016) ............................6

*Christensen* v. *Qwest Pension Plan,*
    462 F.3d 913 (8th Cir. 2006) ................................................................................7

*Crocker* v. *KV Pharmaceutical Co.,*
    782 F. Supp. 2d 760 (E.D. Mo. 2010) ..................................................................7

*Faibisch* v. *University of Minnesota,*
    304 F.3d 797 (8th Cir. 2002) ................................................................................5

*Firestone Tire and Rubber Co.* v. *Bruch,*
    489 U.S. 101 (1989) ............................................................................................13

*Gilquist* v. *Becklin,*
    675 F.Supp. 1168 (D.Minn.1987), *aff'd*, 871 F.2d 1093 (8th Cir.1988) (unpublished table
    decision)..............................................................................................................13

ii

*Gipson* v. *Wells Fargo & Co.*,
　　No. CIV. 08-4546 PAM/FLN, 2009 WL 702004 (D. Minn. Mar.13, 2009) .................14, 14n

*Great-West Life & Annuity Insurance Co.* v. *Knudson*,
　　534 U.S. 204 (2002) .........................................................................................................12

*Halderman* v. *City of Iberia*,
　　No. 09-4049-CV-C-NKL, 2009 WL 1912531 (W.D. Mo. July 1, 2009) ................................6

*Harzewski* v. *Guidant Corp.*,
　　489 F.3d 799 (7th Cir.2007) ..............................................................................................14n

*HM Compounding Services, Inc.* v. *Express Scripts, Inc.*,
　　No. 4:14-CV-1858 JAR, 2015 WL 4162762 (E.D. Mo. July 9, 2015) ....................................8

*Ideal Instruments, Inc.* v. *Rivard Instruments, Inc.*,
　　434 F. Supp. 2d 598 (N.D. Iowa) on reconsideration,
　　434 F. Supp. 2d 640 (N.D. Iowa 2006) ...............................................................................1n

*Johnson* v. *United States*,
　　534 F.3d 958 (8th Cir. 2008) ..............................................................................................6

*In re Patterson Companies, Inc. Sec., Derivative & ERISA Litigation*,
　　479 F. Supp. 2d 1014 (D. Minn. 2007) ................................................................................14

*In re Providian Financial Corp. ERISA Litigation*,
　　No. C 01-05027 CRB, 2002 WL 31785044 (N.D.Cal. Nov. 14, 2002) ...................................12

*Ruppert* v. *Principal Life Insurance Co.*,
　　813 F. Supp. 2d 1089 (S.D. Iowa 2010) ..............................................................................10

*Schneider* v. *BJC Healthcare System*,
　　No. 4:08 CV 1721 HEA, 2009 WL 1176273 (E.D. Mo. May 1, 2009) ...................................12

*Spokeo, Inc.* v. *Robins*,
　　136 S. Ct. 1540 (2016) .......................................................................................................5

*Pension Benefit Guaranty Corp. ex rel. St. Vincent Catholic Medical Centers Retirement Plan* v.
　　*Morgan Stanley Investment Management Inc.*,
　　712 F.3d 705 (2d Cir. 2013) ...............................................................................................7

*Tatone* v. *SunTrust Mortgage, Inc.*,
　　857 F. Supp. 2d 821 (D. Minn. 2012) ..................................................................................11

*Tully* v. *Bank of America*, N.A., No. CIV. 10-4734 DWF/JSM, 2011 WL 1882665, at *6 (D.
　　Minn. May 17, 2011) ..........................................................................................................12

*White* v. *Chevron Corp.*,
    No. 16-CV-0793-PJH, 2016 WL 4502808 (N.D. Cal. Aug. 29, 2016) ....................................8

*Young* v. *General Motors Investment Management Corp.*,
    550 F. Supp. 2d 416 (S.D.N.Y. 2008), *aff'd on other grounds*, 325 F. App'x 31 (2d Cir.
    2009) ...........................................................................................................................................10

**Congressional Materials**

H.R. Conf. Rep. No. 93-1280 (Aug. 12, 1974)...............................................................................9

**Statutes**

ERISA
    § 3, 29 U.S.C. § 1002................................................................................................................13
    § 404, 29 U.S.C. §1104..............................................................................................................11
    § 408, 29 U.S.C. § 1108..............................................................................................................9
    § 413, 29 U.S.C. § 1113..............................................................................................................9
    § 502, 29 U.S.C. § 1132.....................................................................................................12, 14

**Other Authorities**

Class Exemption Involving Mutual Fund In-House Plans Requested by the Investment Company
    Institute, 42 Fed. Reg. at 18734-35 (Apr. 8, 1977)............................................................9n, 9

Notice of Proposed Rulemaking, Participant Directed Individual Account Plans, 56 Fed. Reg.
    10724, 10730 (Mar. 13, 1991) ...................................................................................................9

Defendants Edward D. Jones & Co., L.P. ("Edward Jones") and the Edward Jones Investment and Education Committee and its members (collectively, the "Committee") respectfully submit this memorandum of law in support of their motion to dismiss, in part, the Consolidated Complaint of Plaintiffs Windle Pompey ("Pompey"), Valeska Schultz ("Schultz") and Melanie Waugh ("Waugh," and together with Pompey and Schultz, "Plaintiffs"), pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).[1]

## INTRODUCTION

Plaintiffs Schultz and Waugh previously filed a separate action against Defendants, but dismissed that action[2] in favor of a joining the consolidated complaint here (the "Complaint"), one that parrots the allegations and theories abandoned by another Edward Jones branch office administrator Charlene F. McDonald ("McDonald"), who has dropped all her claims against Defendants.

Schultz and Waugh adopted McDonald's prior allegations nearly wholesale, even though, as Defendants explained in their motion to dismiss those claims, the allegations are based on conclusory allegations, selective hindsight performance comparisons, speculation based on

---

[1] Fed. R. Civ. P. 12 provides that "serving a motion under this rule alters [the periods for service of an answer] as follows: . . . the responsive pleading must be served within 14 days after notice of the court's action . . . ." Rule 12(a)(4)(A), Fed. R. Civ. P.  Where the movant's Rule 12 motion seeks dismissal of some but not all counts in a complaint, the nearly universal rule is that the movant's time to answer has "automatically been extended" by the filing of a Rule 12 motion. *Business Incentives Co., Inc*. v. *Sony Corp. of America*, 397 F.Supp. 63, 65 (S.D.N.Y. 1975). While this Court has not addressed the issue, the two district courts in the Eighth Circuit that have considered it both held that a partial Rule 12 motion extends the time to answer.  *Ideal Instruments, Inc*. v. *Rivard Instruments, Inc*., 434 F. Supp. 2d 598, 639 (N.D. Iowa) ("[T]he language of Rule 12(a) plainly contemplates that a Rule 12(b) motion will extend the time to answer as to all claims, even those not challenged in the Rule 12(b) motion."), on reconsideration, 434 F. Supp. 2d 640 (N.D. Iowa 2006); *Baker* v. *Universal Die Casting, Inc*., 725 F.Supp. 416, 420 (W.D. Ark. 1989) (holding that even if motion applied to fewer than all the complaint's claims, "the responsive pleading must be served within ten days after notice of the court's action" on that motion).

[2] *See* Notice of Voluntary Dismissal, *Schultz et al*. v. *Edward D. Jones & Co. et al*., No. 4:16-cv-01762-RWS (E.D. Mo. Feb. 13, 2017), ECF No. 35.

information and belief, and a host of *ipse dixit* conclusions.[3]  The sole new claim added by Plaintiffs – challenging the Plan's prior inclusion of three fund portfolios (the "Edward Jones Plan Portfolios") (Compl. ¶ 45)[4] – alleges even less:  Plaintiffs point to no improper fees or charges and do not even point to a single fund or investment that outperformed the funds within these portfolios.

In addition to the failure to state a claim as to the Edward Jones Plan Portfolios, the Complaint suffers from procedural and pleading deficiencies: Plaintiff Pompey is not a Plan participant and does not have standing to pursue claims relating to the Plan, and the claims as to the inclusion of the Edward Jones Plan Portfolios—removed from the lineup in September 2011—are time-barred under ERISA's statute of limitations.  Furthermore, Count II fails to state a claim as to the Committee because Plaintiffs fail to allege that the Committee had any involvement in the selection or oversight of the Plan's recordkeeper.

## **RELEVANT FACTS**[5]

### A.  *Summary of Plaintiffs' Allegations*

In their first action, Schultz and Waugh alleged that Defendants breached their fiduciary duties of prudence and loyalty by including in the Plan lineup: (1) affiliated funds (Preferred Fund Families or "PFFs"), purportedly to benefit Edward Jones and its partners; (2) funds with

---

[3] Memorandum in Support of Defendants' Motion to Dismiss the Amended Class Action Complaint, *McDonald* v. *Edward D. Jones & Co., L. P.*, 4:16-cv-01346-RWS (E.D. Mo. Oct. 12, 2016), ECF No. 28 (the "*McDonald* MTD").

[4] The Edward Jones Growth Fund, the Edward Jones Growth and Income Fund and the Edward Jones Income Fund.

[5] The factual allegations in the Complaint are taken as true for purposes of this motion only.  In the interest of efficiency, the "Relevant Facts" set forth in the *McDonald* MTD pp. 3-9 and the definitions therein are incorporated herein by reference.  *See* PageID #: 159-165.

excessive fees or poor performance; and (3) a money market fund (the "Money Market Fund")
instead of a stable value fund.  Complaint, *Schultz et al*. v. *Edward D. Jones & Co. et al*., No.
4:16-cv-01762-RWS, ECF No. 1 (the "*Schultz* Complaint").  These allegations were based
largely on the benign fact that Edward Jones had business relationships with the PFFs, which
caused Schultz and Waugh to speculate that Edward Jones "enticed" those companies into
business relationships by offering them a slot in the Plan lineup (what Plaintiffs characterized as
a "shelf space arrangement").  *Id*. ¶¶ 90, 110.

Now, however, Schultz and Waugh have retreated from those allegations, and instead
allege the inverse theory – that Defendants "forc[ed] the Plan into mutual funds managed by
Partners and Preferred Partners of Edward Jones." Compl. ¶ 49.  Where before Schultz and
Waugh alleged that Edward Jones formed business relationships with funds in the Plan, now they
allege that Edward Jones selected funds for the Plan because of a pre-existing business
relationship.  *Id*. ¶¶ 51-52.  Specifically, they allege that the Committee must have favored the
financial interests of PFFs and/or Edward Jones over the best interests of company employees
when selecting funds managed by the PFFs for the Plan; thus it must be a disabling conflict for
the Committee to select PFF funds; thus the Committee must have acted imprudently in selecting
such funds; thus the Committee must not have undertaken a reasonable investigation when
selecting such funds; and thus Defendants failed to discharge their duties to the Plan with the
care, skill, diligence and prudence ERISA requires.

Schultz and Waugh, along with Pompey, have also added a claim they did not previously
assert, one that challenges the level of fees that the Plan paid to a third-party recordkeeper – but
they do not allege that the services were deficient or below industry standards and they point to
no other recordkeeper that would have provided comparable services at a lower cost.  And

- 3 -

significantly, Plaintiffs do not allege that the Committee had any involvement in the selection or oversight of the Plan's recordkeeper.

Like McDonald, Plaintiffs have separated their allegations into two counts.

In Count I, they contend:

- Defendants breached their duties of loyalty and prudence by including in the Plan funds that offer revenue sharing, are also offered to clients by Edward Jones, and include funds managed by PFFs.  Plaintiffs further allege that Edward Jones's financial relationships with the PFFs influenced the Committee's selection of funds on the Plan platform.  Compl. ¶¶ 34-54.

- Defendants breached their duty of prudence by including on the Plan platform a Money Market Fund rather than a Stable Value Fund.  Compl. ¶¶ 55-72.

- Defendants breached their duty of prudence by including on the Plan platform retirement share classes rather than allegedly lower-cost share classes of certain mutual funds.  Compl. ¶¶ 73-84.

- Defendants breached their duty of prudence by including on the Plan platform investments in actively managed funds rather than index fund alternatives.  Compl. ¶¶ 85-97.

In Count II, they contend:

- Defendants breached their duties of loyalty and prudence by failing to negotiate with the recordkeeper Mercer a more favorable fee arrangement for administrative services.  Compl. ¶¶ 98-114.

Plaintiffs have added one substantive allegation not made by McDonald: that the Plan was harmed by the inclusion, prior to September 2011, of "three mutual funds managed by Edward Jones," which "*upon information and belief*, underperformed prudent alternatives." Compl. ¶45 (emphasis added).  The options so described, the Edward Jones Plan Portfolios, were neither funds nor managed by Edward Jones, however; they were portfolios of external funds whose names and managers were fully disclosed to all Plan participants at the time.  Indeed, in their prior complaint Schultz and Waugh acknowledged: "The Edward Jones Proprietary Funds were not traditional mutual fund products.  Rather, the Propriety Funds were merely aggregator

- 4 -

products in which Edward Jones put together a slate of investments in mutual fund options that were already available in the Plan." *Schultz* Compl. ¶104.

### B.  The Plaintiffs

Plaintiffs Pompey, Schultz and Waugh were all formerly employed by Edward Jones, Pompey from 2007 - 2011, Schultz from 2014-2016 and Waugh from 2008-2014.[6] *Schultz* Compl. ¶¶ 11, 14.

The Plan has both a 401(k) component and a profit sharing component.  Compl. ¶ 26; Decl. Ex. 1.  Pompey did not elect to participate in the 401(k) plan.  And when she left Edward Jones in 2011, she cashed out of the profit-sharing component of the Plan, receiving a lump sum gross payment of $4,188.52.  Decl. Ex. 2.  Since then, Pompey has not participated in the Plan or been eligible to receive benefits under the Plan.  *Id*.

### STANDARD OF REVIEW

### A.  Plaintiffs Must Demonstrate Standing Under Rule 12(b)(1)

Article III requires a party to have standing to seek redress in federal court.  *Spokeo, Inc.* v. *Robins*, 136 S. Ct. 1540, 1547 (2016); *Faibisch* v. *University of Minnesota*, 304 F.3d 797, 801 (8th Cir. 2002).  Thus, a standing argument "implicates Rule 12(b)(1)."  *Id*.  A district court may dismiss for lack of subject matter jurisdiction on any one of three separate bases:  "'(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.'"  *Johnson* v. *United States*, 534 F.3d 958, 962 (8th Cir. 2008) (citation omitted).

---

[6] When Waugh separated from Edward Jones, she signed a Separation Agreement, Waiver and Release releasing all claims she could have brought at the time, including non-vested claims brought under ERISA.  As part of the agreement, Waugh also agreed not to disparage or discredit Edward Jones.  While not a subject of this motion, Defendants reserve all rights in regard of the Separation Agreement and intend to move to enforce it at the appropriate time.

### B.  *Plaintiffs Must State a Claim Under Rule 12(b)(6)*

To survive a Rule 12(b)(6) motion, Plaintiffs must plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp.* v. *Twombly*, 550 U.S. 544, 570 (2007). "'Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'"  *Chesterfield Spine Center, LLC* v. *Healthlink HMO, Inc.*, No. 4:15 CV 1169, 2016 WL 427952, at *1 (E.D. Mo. Feb. 4, 2016) (Sippel, J.) (quoting *Ashcroft* v. *Iqbal*, 556 U.S. 662, 678 (2009)).  Nor do allegations suffice where contradicted by documents properly subject to judicial notice or referenced in the complaint.  *Halderman* v. *City of Iberia*, No. 09-4049-CV-C-NKL, 2009 WL 1912531, at *3 (W.D. Mo. July 1, 2009).  Rather, Plaintiffs must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.  Pleading facts that are "'merely consistent with' a defendant's liability" is insufficient.  *Id.* (citation omitted).

## ARGUMENT

## I.   PLAINTIFFS' NEW ALLEGATION RELATING TO "FUNDS [ALLEGEDLY] MANAGED BY EDWARD JONES" FAILS TO STATE A CLAIM AND IS TIME-BARRED

Unlike McDonald, Plaintiffs challenge the inclusion in the Plan lineup, until September 2011, of the Edward Jones Plan Portfolios.  Compl. ¶ 45.

Plaintiffs predicate this challenge entirely on the "information and belief" that Defendants benefitted from their inclusion and that these portfolios "underperformed prudent alternatives," that Plaintiffs do not identify.  Compl. ¶ 45.  Plaintiffs' allegations are premised on the mistaken impression that these were funds managed by or connected to the Edward Jones business.  Pretermitting this error, the meager allegations do not state a claim as to the Edward Jones Plan Portfolios.

Moreover, Plaintiffs had available the facts necessary to investigate this claim well before 2013 (and well before the Edward Jones Plan Portfolios were removed from the Plan platform in 2011), and thus Plaintiffs are now barred from belatedly asserting a claim by ERISA's statute of limitations.

### A.    Plaintiffs Have Not Stated a Viable Claim

Even taking Plaintiffs' allegations as true (as this court must on a motion to dismiss), the mere fact that the Plan included "three mutual funds managed by Edward Jones" does not suffice to show that (i) any Defendant participated "'knowingly and significantly in deceiving a plan's beneficiaries in order to save the employer money at the beneficiaries' expense,'" *Christensen* v. *Qwest Pension Plan*, 462 F.3d 913, 917 (8th Cir. 2006), so as to state a claim for breach of the duty of loyalty, or (ii) "the investments at issue were so plainly risky at the relevant times that an adequate investigation would have revealed their imprudence, or that a superior alternative investment was readily apparent such that an adequate investigation would have uncovered that alternative," *Pension Benefit Guaranty Corp. ex rel. St. Vincent Catholic Medical Centers Retirement Plan* v. *Morgan Stanley Investment Management Inc*., 712 F.3d 705, 719 (2d Cir. 2013), so as to state a claim for a breach of the duty of prudence.  Simply, conclusory allegations of nothing more than "Edward Jones funds in the Edward Jones plan" do not and cannot support "the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

First, a claim for breach of duty of loyalty must be premised on allegations beyond mere information and belief that Defendants may have benefitted.  *Crocker* v. *KV Pharmaceutical Co.*, 782 F. Supp. 2d 760, 785-86 (E.D. Mo. 2010) (rejecting argument that the bare allegation of a conflict of interest causing fiduciaries to continue to invest plan assets in the sponsor's stock was sufficient to state a fiduciary duty claim).  Unlike cases where a plaintiff was found to have

stated a duty of loyalty claim, here there is no allegation of how Edward Jones may have profited

from the Plan's inclusion of the Edward Jones Plan Portfolios, and there are no allegations of

wrongdoing such as "kickbacks" or subsidization of administrative costs with Plan assets. *See,*

*e.g., Braden* v. *Wal-Mart Stores, Inc.*, 588 F.3d 585, 600 (8th Cir. 2009) (the plaintiff alleged

that the revenue sharing payments made by the Plan's funds to the Plan's trustee were

"kickbacks" in exchange for inclusion in the Plan, rather than reasonable compensation for actual

services performed).

And second, Plaintiffs' speculation that better-performing alternatives *may* have existed

does not state a claim for a breach of the duty of prudence. *See Braden*, 588 F.3d at 596 n.7

("[W]e do not suggest that a claim is stated by a bare allegation that cheaper alternative

investments exist in the marketplace."); *White* v. *Chevron Corp.*, No. 16-CV-0793-PJH, 2016

WL 4502808, at *5 (N.D. Cal. Aug. 29, 2016) (bare allegations of a breach of duty, with no

separate factual support, are insufficient to state a claim); *HM Compounding Services, Inc.* v.

*Express Scripts, Inc.*, No. 4:14-CV-1858 JAR, 2015 WL 4162762, at *11 (E.D. Mo. July 9,

2015) (allegations made "upon information and belief" may state a claim only where based on

factual content that makes liability plausible).

Moreover, what Plaintiffs (erroneously) allege to have been the management of funds by

Edward Jones is not improper. Congress and the Department of Labor ("DOL") have recognized

the benefit to plan participants where a financial services company includes its proprietary

investment products within its employee benefit plan. To that end, ERISA provides two

exemptions from its prohibited transaction rules – the rules designed to protect against self-

dealing and conflicts of interest – to allow plans sponsored by banks and insurance companies to

include proprietary products offered by the plan sponsor. ERISA § 408(b)(5), (8), 29 U.S.C. §

- 8 -

1108(b)(5), (8).[7]

As Congress recognized when enacting ERISA, it is "common practice" for a financial services company to invest its own plan's assets in its proprietary investment funds.  H.R. Conf. Rep. No. 93-1280 (Aug. 12, 1974).  Similarly, DOL has noted it would be "contrary to normal business practice for a company whose business is financial management to seek financial management services from a competitor."  Notice of Proposed Rulemaking, Participant Directed Individual Account Plans, 56 Fed. Reg. 10724, 10730 (Mar. 13, 1991).  DOL has thus acknowledged that allowing a mutual fund company to make proprietary funds available under its employee benefit plans can be "in the interests of plans and of their participants and beneficiaries" and "protective of the rights of participants and beneficiaries." 42 Fed. Reg. at 18,734.

### B.      The Claim is Time-Barred

Plaintiffs additionally cannot state a claim as to the inclusion of the Edward Jones Plan Portfolios because the time to do so has elapsed.  Section 413 of ERISA instructs that no action for breach of fiduciary duty may be brought after the earlier of (i) six years after the last challenged action or (ii) three years after "the earliest date on which the plaintiff had actual knowledge of the breach or violation."  29 U.S.C. § 1113.  Here, the second prong bars Plaintiffs' claims relating to the "funds managed by Edward Jones" because any Plaintiff who was in the Plan prior to 2011 had actual knowledge of the substance of her claims more than three years prior to the filing of the initial complaint.

---

[7] Furthermore, in 1977 DOL extended this relief to plans sponsored by mutual fund advisers and their affiliates, enabling such plans to invest in their affiliated mutual funds pursuant to Prohibited Transaction Exemption 77-3.  Class Exemption Involving Mutual Fund In-House Plans Requested by the Investment Company Institute, 42 Fed. Reg. at 18734-35 (Apr. 8, 1977).

Plaintiffs have not challenged Defendants' decision-making process or deliberations prior to offering the Edward Jones Plan Portfolios in the Plan lineup.  Instead, Plaintiffs complain about the inclusion of funds allegedly managed by Edward Jones.  Compl. ¶ 45.  *See Brown* v. *American Life Holdings, Inc.*, 190 F.3d 856, 859 (8th Cir. 1999) ("[W]hen a fiduciary's investment decision is challenged as a breach of an ERISA duty, the nature of the alleged breach is critical to the actual knowledge issue.").  If it is legally sufficient for Plaintiffs to allege no more than there exist portfolios which include "Edward Jones" in their names, then it must follow that a plaintiff has actual knowledge of the substance of her claim when she knows that a portfolio in the Plan is entitled "Edward Jones."  *See Id.* ("[A]ctual knowledge" requires knowledge of "all material facts necessary to understand that some claim exists.").  Here, Plaintiffs knew that well before 2011.

Details on the whole Plan lineup are regularly filed with the DOL and disclosed to Plan participants.  Plan disclosures from 2010 provided participants with actual knowledge of the options within the Plan lineup, including the presence of choices named "Edward Jones Growth and Income Fund," "Edward Jones Growth Fund", and "Edward Jones Income Fund."  Decl. Ex. 3 at Financial Statements and Supplemental Schedule at 11, Schedule H.  These disclosures imparted actual knowledge to the Plaintiffs as a matter of law of the only "fact" of which they now complain.  *Ruppert* v. *Principal Life Insurance Co*., 813 F. Supp. 2d 1089, 1102 (S.D. Iowa 2010) (disclosures in "ERISA-required reports, such as the Form 5500" are sufficient to constitute actual knowledge); *Young* v. *General Motors Investment Management Corp.*, 550 F. Supp. 2d 416, 419 (S.D.N.Y. 2008) (dismissing claim as time-barred because more than three year prior to filing "Plaintiffs had actual knowledge of all of the facts that they [alleged] establish[ed] a breach fiduciary duty by Defendants"), *aff'd on other grounds*, 325 F. App'x 31

(2d Cir. 2009).

## II.      COUNT II FAILS TO STATE A CLAIM AS TO THE COMMITTEE

Consistent with Plan documents, the Plaintiffs have alleged that the Committee has the

"authority to determine the investment funds made available under the Plan, to select maintain or

remove any funds from the Plan, and to develop and oversee the implementation of any

investment education program."  Compl. ¶¶29, 21, 28; Decl. Ex. 4 (the Committee "has been

appointed to select all investments for the Plan and to educate Participants about the Plan").  The

Plan documents do not suggest that the Committee has any responsibility with regard to selection

or monitoring of the Plan's recordkeeper, however, and the Complaint likewise does not allege

that the Committee specifically exercised any such authority.  Instead, the Complaint alleges

generally that:

- "*Defendants* also caused the Plan to pay excessive recordkeeping and plan administration fees to the Plan's record-keeper, Mercer HR Services, Inc." ¶9
- "*Defendants* failed to prudently monitor and control the compensation paid for recordkeeping and administrative services in light of the services provided" ¶110
- "*Defendants* failed to discharge their duties with respect to the Plan solely in the interest of the participants and beneficiaries and for the exclusive purpose of providing benefits to participants and beneficiaries and defraying reasonable expenses of administering the Plan, in violation of ERISA §404(a)(1)(A), 29 U.S.C. §1104(a)(1)(A)."  ¶ 131

(Emphasis added).

These allegations as to all "Defendants" are impermissible group pleading that cannot

support a fiduciary duty claim against the Committee for duties it did not owe and actions it did

not take.  *Tatone* v. *SunTrust Mortgage, Inc.*, 857 F. Supp. 2d 821, 831 (D. Minn. 2012) ("A

complaint which lumps all defendants together and does not sufficiently allege who did what to

whom, fails to state a claim for relief . . . ."); *Tully* v. *Bank of America*, N.A., No. CIV. 10-4734

DWF/JSM, 2011 WL 1882665, at *6 (D. Minn. May 17, 2011) (dismissing plaintiffs' amended

complaint alleging fourteen claims that involved fourteen mortgage loans and nine defendants where plaintiffs asserted claims against defendants generally but did not specify which claims were against which defendant).  Thus in *Schneider* v. *BJC Healthcare System*, the Eastern District of Missouri held that claims violated Rule 8 where the complaint lumped together the defendants "without identifying which allegations apply to which Defendant."  No. 4:08 CV 1721 HEA, 2009 WL 1176273, at *2 (E.D. Mo. May 1, 2009).  The same standards apply in the ERISA context: Plaintiffs cannot simply assert that all Defendants violated all fiduciary duties. *In re Providian Financial Corp. ERISA Litigation*, No. C 01-05027 CRB, 2002 WL 31785044, at *1 (N.D.Cal. Nov. 14, 2002) (holding that a complaint violated Rule 8 because it "lumped the various classes of defendants into an undifferentiated mass and alleged that all of them violated all of the asserted fiduciary duties").

## III.     PLAINTIFF POMPEY LACKS ARTICLE III STANDING TO PURSUE CLAIMS REGARDING THE PLAN

ERISA does not confer standing on all of a company's employees or former employees. Rather, ERISA's civil enforcement scheme, set forth in § 502, provides standing to only a narrowly tailored group of individuals. *Great-West Life & Annuity Insurance Co.* v. *Knudson*, 534 U.S. 204, 209 (2002) ("ERISA's carefully crafted and detailed enforcement scheme provides strong evidence that Congress did *not* intend to authorize other remedies that it simply forgot to incorporate expressly") (citation and internal quotation marks omitted).  To demonstrate standing to assert the ERISA §§ 502(a)(2) claims raised in the Complaint (¶¶ 123, 133, 140), each Plaintiff must adequately plead that she is a plan fiduciary, participant, beneficiary or the Secretary of Labor.  Pompey does not allege that she is a fiduciary or beneficiary, but contends only that she is a "participant" who "participated in the Plan during the Class Period."  Compl. ¶ 14.  However, because she never participated in the 401(k) portion of the Plan and because she

- 12 -

cashed out of the profit-sharing portion on October 7, 2011, Decl. Ex. 2, Pompey is not a Plan participant within the meaning of ERISA and is not entitled to pursue claims relating to the Plan.

Under ERISA a "participant" is an individual "who is or may become eligible to receive a benefit of any type from an employee benefit plan . . . ." 29 U.S.C. § 1002(7).  This includes "employees in, or reasonably expected to be in, currently covered employment," "former employees who 'have … a reasonable expectation of returning to covered employment'" and former employees "who have 'a colorable claim' to vested benefits."  *Firestone Tire and Rubber Co.* v. *Bruch*, 489 U.S. 101, 117 (1989).  Pompey is no longer in "currently covered employment" and has not pled any facts suggesting that she has a "reasonable expectation of returning to covered employment."  Furthermore, having received a distribution of all the funds to which she is entitled—by electing to cash out of the Plan—Pompey is not eligible to receive further benefits and therefore is not a Plan participant.  *Gilquist* v. *Becklin*, 675 F.Supp. 1168 (D.Minn.1987), *aff'd*, 871 F.2d 1093 (8th Cir.1988) (unpublished table decision).

The court in *Gilquist* found that former employees in a situation nearly-identical to Pompey lacked standing to assert fiduciary duty claims.  There, the court considered "whether a plaintiff has standing under ERISA to raise a claim of breach of fiduciary duty by pension plan trustees after the plaintiff has withdrawn from the plan and received a lump sum payment."  *Gilquist*, 675 F. Supp. at 1170.  The court held that because the *Gilquist* plaintiffs had received lump-sum distributions, they were no longer plan participants and lacked standing to bring breach of fiduciary duty claims.  *Id.* at 1171.

More recently, the Eighth Circuit reaffirmed *Gilquist's* holding in *Adamson* v. *Armco, Inc.* 44 F.3d 650, 654 (8th Cir. 1995).  In *Adamson*, the plaintiffs were former employees that filed suit for benefits due and breach of fiduciary duty.  44 F.3d at 652-54.  The Court held that

because they did not have colorable claims for benefits due (such claims were time barred), the plaintiffs were not ERISA "participants" and therefore lacked standing to assert claims for breach of fiduciary duty.  *Id. at* 654.  The fact that the plaintiffs had been participants in the past was irrelevant; the *Adamson* plaintiffs "lost their participant status when they allowed their benefit claims to become time-barred" and "[a] person who gives up participant status through inaction also relinquishes standing to complain of prior plan mismanagement."  *Id.* at 654-55. Here, the same reasoning applies: where Pompey is not eligible to make a claim for benefits, she is not a "participant" who has standing to assert a breach of fiduciary duty claim.  *See also In re Patterson Companies, Inc. Sec., Derivative & ERISA Litigation*, 479 F. Supp. 2d 1014, 1045 (D. Minn. 2007) ("Having obtained all benefits [plaintiff] is entitled to under the Patterson Plan, her claim is one for damages and not 'vested benefits.' Accordingly, [plaintiff] is not a plan 'participant' and does not have standing to pursue this litigation under 29 U.S.C. § 1132 on behalf of the Patterson Plan."); *Gipson* v. *Wells Fargo & Co.,* No. CIV. 08-4546 PAM/FLN, 2009 WL 702004, at *3 (D. Minn. Mar.13, 2009) ("Under *Adamson*, [plaintiff, who received a lump-sum distribution of her 401(k) account] does not have standing to bring her fiduciary duty claims.").[8]

---

[8] As noted by the Court in *Gipson*, several other Courts of Appeals have considered this issue and held that cashed out participants may still bring claims.  *E.g.*, *Harzewski* v. *Guidant Corp.,* 489 F.3d 799, 807 (7th Cir.2007).  But as also noted by the *Gipson* court, "this Court is not bound by decisions of other Courts of Appeals.  It is bound by decisions of the Eighth Circuit Court of Appeals.  Until that court revisits the issue decided by *Adamson*, this Court is not free to disregard binding precedent."  2009 WL 702004, at *3.  *Adamson* remains the law of the Eighth Circuit and this Court should follow the same approach.  "Under *Adamson*, [Pompey] does not have standing to bring her fiduciary duty claims."  *Id.*

## **CONCLUSION**

For the foregoing reasons: (1) all claims relating to the inclusion in the Plan lineup of the Edward Jones Growth Fund, the Edward Jones Growth and Income Fund and the Edward Jones Income Fund, (2) Count II of the Complaint as to the Committee, and (3) the claims asserted by Pompey should be dismissed with prejudice.


Dated:  March 31, 2017

Respectfully Submitted,

**CAHILL GORDON & REINDEL LLP**                **DOWD BENNETT LLP**

By: /s/ Thomas J. Kavaler (with permission)       By: /s/ James F. Bennett
Thomas J. Kavaler (*pro hac vice*)                James F. Bennett, #46826MO
tkavaler@cahill.com                               jbennett@dowdbennett.com
Jonathan D. Thier (*pro hac vice*)                James E. Crowe, III, #50031MO
jthier@cahill.com                                 jcrowe@dowdbennett.com
80 Pine Street                                    7733 Forsyth Blvd., Suite 1900
New York, New York 10005                          St. Louis, Missouri 63105
(212) 701-3000 (telephone)                        (314) 889-7300 (telephone)
(212) 269-5420 (facsimile)                        (314) 863-2111 (facsimile)

*Attorneys for Defendants*

## **<u>CERTIFICATE OF SERVICE</u>**

The undersigned hereby certifies that on this 31st day of March, 2017, a true and correct copy of the foregoing was filed with the Court using the CM/ECF system and service upon all participants in the case who are CM/ECF users will be accomplished by operation of that system.


_____ /s/ James F. Bennett _____

- 16 -