UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| VALESKA SCHULTZ, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 4:16-CV-01346 JAR |
| | ) | |
| EDWARD D. JONES & CO., L.P., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants' Motion to Dismiss The First Amended Consolidated Complaint. (Doc. No. 61) The motion is fully briefed and ready for disposition.[1]

**Background**

On August 19, 2016, Charlene McDonald, a participant in the Edward D. Jones & Co. Profit Sharing and 401(k) Plan (the "Plan"), initiated the present action on behalf of herself, a class of others similarly situated, and the Plan itself, against Defendants Edward D. Jones & Co., L.P. ("Edward Jones"), the Jones Financial Companies, L.L.L.P., the Edward Jones Investment and Education Committee ("Investment Committee"), and Jane and John Does 1-25. (Doc. No. 2) On October 12, 2016, Defendants filed their initial motion to dismiss. (Doc. No. 26) On January 26, 2017, the Court dismissed the Jones Financial Companies, L.L.L.P., because the complaint failed to allege any facts establishing it was a plan fiduciary. In all other respects the Court denied the motion, finding the complaint stated viable claims. (Doc. No. 43)

---

[1] Defendants requested oral argument on their motion. Finding that oral argument would not assist the Court, the request will be denied.

On February 10, 2017, an amended complaint was filed by Plaintiffs Windle Pompey, Valeska Schultz and Melanie Waugh[2] against Defendants Edward Jones, the Investment Committee, and the Investment Committee members during the relevant period. (Doc. No. 44) On March 31, 2017, Defendants moved to dismiss all claims relating to the inclusion in the Plan lineup of three investment options referred to as the Edward Jones Plan Portfolios (the Edward Jones Growth Fund, the Edward Jones Growth and Income Fund, and the Edward Jones Income Fund) for failure to state a claim for breach and as time-barred under ERISA's statute of limitations; Count II of the Complaint as to the Investment Committee for failure to allege that the Committee had any involvement in the selection or oversight of the Plan's record-keeper; and the claims asserted by Plaintiff Pompey because she was not a Plan participant and thus lacked standing. (Doc. Nos. 51, 52)

In response to Defendants' motion, Plaintiffs amended their complaint on May 1, 2017 by replacing Pompey with Plaintiff Rosalind Staley; removing allegations concerning the three Edward Jones managed mutual funds; and adding the Edward Jones Profit Sharing and 401(k) Administrative Committee ("Administrative Committee") and its members as defendants. (First Amended Consolidated Complaint for Violations of the Employee Retirement Income Security Act (ERISA) ("FAC"), Doc. No. 58)

The Plan is an "employee benefit plan" covered by ERISA. 29 U.S.C. § 1002. It is also an "employee pension benefit plan" or "pension plan," 29 U.S.C. § 2002(2)(A), and a "defined contribution plan" or "individual account plan," 29 U.S.C. § 1002(34), establishing a profit sharing and 401(k) account for each participant. (FAC ¶¶ 25-27) Edward Jones is the Plan

---

[2] Plaintiffs Schultz and Waugh had previously filed a separate action against Defendants, but dismissed that action in favor of joining the consolidated complaint here. See Schultz et al. v. Edward D. Jones & Co. et al., No. 4:16-cv-01762-RWS (E.D. Mo. Feb. 13, 2017), ECF No. 35.

Administrator and responsible for selecting, monitoring, and removing investment options in the Plan. (FAC ¶¶ 19, 29) The Administrative Committee, comprised of employees and/or partners[3] of Edward Jones, controls the Plan's administrative contracts and relationships, including the Plan's payment of fees to Mercer HR Services, Inc. ("Mercer"), the Plan's record-keeper. (FAC ¶¶ 20, 30) The Investment Committee, also comprised of employees and/or partners[4] of Edward Jones, selects investment options and educates participants about the Plan. (FAC ¶¶ 21, 30)

As in their original complaint, Plaintiffs claim Defendants ran the Plan to benefit Edward Jones and its corporate partners, rather than in the interests of participants and beneficiaries in violation of their fiduciary duties under ERISA. (FAC ¶¶ 126-140) In their first claim for relief (Claim I), Plaintiffs challenge the Plan's inclusion of: (1) funds that Edward Jones separately recommends to its clients as part of Edward Jones's business (Preferred Fund Families or "PFF") (FAC ¶¶ 35-54); (2) a Money Market Fund (as opposed to a stable value fund) (FAC ¶¶ 55-72); (3) R-5 retirement share classes of mutual funds (as opposed to an allegedly lower cost R-6 class of shares) (FAC ¶¶ 73-84); and (4) actively managed Large-Cap Funds (instead of passively-managed Large-Cap Index Funds) (FAC ¶¶ 85-97). In their second claim for relief (Claim II), Plaintiffs contend Defendants breached their fiduciary duties by failing to negotiate a more favorable fee arrangement with Mercer for administrative services. (FAC ¶¶ 98-114)

Defendants move to dismiss the complaint, arguing that Plaintiffs have failed to plausibly allege a breach of fiduciary duties (Doc. No. 63 at 11-28) and failed to state a claim as to the Administrative Committee and the Investment Committee (id. at 28-30).

---

[3] The members of the Administrative Committee, John Does 1–30, are as yet unidentified. (FAC at ¶ 20)

[4] Plaintiffs allege that the following Defendants served as members of the Investment Committee during the relevant period: Brett Bayston, Bonnie Caudle, Mark Vivian, Stina Wishman, Jan-Marie Kain, Linda Banniester, Ann Echelmeier, Curtis Long, David Gibson, Ken Blanchard, Jason Jonczak, Julie Rea, Asma Usmani, Glenn Kolod, Juli Johnson, Jess Dechant, and Peggy Robinson. (FAC at ¶ 23)

**Legal standard**

In ruling on a motion to dismiss, the Court assumes all facts alleged in the complaint are true, and liberally construes the complaint in the light most favorable to the plaintiff. Eckert v. Titan Tire Corp., 514 F.3d 801, 806 (8th Cir. 2008). The purpose of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is to test the legal sufficiency of the complaint. An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007). To survive a motion to dismiss, a plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." Id. at 555.

In considering Rule 12(b) motions, courts may consider the pleadings themselves, materials embraced by the pleadings, exhibits attached to the pleadings whose authenticity is undisputed, as well as matters of public record.[5] Dittmer Properties, L.P. v. F.D.I.C., 708 F.3d 1011, 1021 (8th Cir. 2013).

**Discussion**

Defendants acknowledge that their arguments in support of dismissal (with the exception of their argument that Plaintiffs have improperly conflated their allegations as to the Administrative and Investment Committees, discussed below) are similar to the arguments previously raised by the Edward Jones entities named in the original complaint, and rejected by the Court. Nevertheless, Defendants assert that because of the new parties (both Plaintiffs and Defendants), it is appropriate for the Court to consider once more their challenges to the legal sufficiency of the operative complaint.

---

[5] Defendants have submitted a number of exhibits in conjunction with the briefing on their motion, including Plan documents, financial statements, and Morningstar ratings. Plaintiffs have not objected to these submissions.

Plaintiffs' allegations concerning the offering of mutual funds of Preferred Fund Families, the Money Market Fund, certain retirement share classes of mutual funds, and actively-managed funds, and allegations concerning excessive fees and Total Plan Costs, are the same allegations pled in the original complaint, and the arguments Defendants advance in support of dismissal are virtually identical to those raised in their original motion. Defendants are correct that district courts have inherent power to modify interlocutory orders; however, absent new argument, the Court is led to the same conclusion:

> [T]he complaint, when read as a whole, has provided sufficient facts to plausibly state [a claim for a breach of fiduciary duties and for a failure to defray plan expenses]. . . Defendants' arguments in support of their motion to dismiss challenge the factual allegations of the complaint and are premature at this stage of the litigation.

(Doc. No. 43)

Defendants note that the law has continued to develop in this area since the Court's previous dismissal of their motion to dismiss, and cite to Meiners v. Wells Fargo & Co., Civ. No. 16-3982 (DSD/FLN), 2017 WL 2303968 (D. Minn. May 25, 2017), in support of their current motion. In Meiners, the court held that the plaintiff's breach of fiduciary duty claim, premised on allegations that the 401(k) plan invested in twelve proprietary funds with excessive fees, "merely allege[d] that [the defendant] failed to invest in the cheapest fund available." 2017 WL 2303968, at *3. Without pleading "something more," such as allegations that the fees were excessive as compared to the average cost of similar sized plans or that the fees were higher than the median fees for comparable funds, the court explained that the plaintiff's claim was not plausible and dismissed it. Id. (citing Wildman v. Am. Century Servs., LLC, 237 F. Supp.3d 902, 915 (W.D. Mo. 2017); Krueger v. Ameriprise Fin., Inc., No. 11-2781, 2012 WL 5873825, at *4 (D. Minn. Nov. 20, 2012)). Defendants argue that like in Meiners, Plaintiffs have failed to "plead additional facts showing that the fiduciary's decision was based on financial interest rather than a legitimate

consideration," or suggesting that the choice of higher-cost affiliated funds was the result of flawed decision-making. Id.

Plaintiffs distinguish Meiners by pointing to their allegations that Mercer's fees nearly tripled over the class period (FAC ¶ 105); that market rates for recordkeeping services declined throughout the class period (FAC ¶ 106); that the total weighted average expense ratio of the Plan was high compared to market rates (FAC ¶¶ 107-109); and that Defendants failed to prudently monitor and control compensation to Mercer in light of the services provided (FAC ¶¶ 110-111). Plaintiffs also allege that Defendants' policy of distributing revenue sharing payments to the Plan was not adopted until 2016. (FAC at ¶¶ 112-113). These facts are sufficient to raise an inference of disloyalty and imprudence. Wildman, 237 F. Supp.3d at 915 (citing Tussey v. ABB, Inc., 746 F.3d 327, 336 (8th Cir. 2014) (holding district court did not err by finding plan fiduciaries breached their duty by failing to investigate and monitor plan recordkeeping costs)).

Further, several recent cases have rejected similar arguments to dismiss claims asserting ERISA fiduciary breaches against 401(k) plan fiduciaries. See, e.g., Bell v. Pension Committee of ATH Holding Co., LLC, No. 15-2062, 2017 WL 1091248, at *5 (S.D. Ind. Mar. 23, 2017) (To survive a motion to dismiss, "Plaintiffs were not required to allege that the recordkeeping fees were the result of any type of self-dealing, but were required to assert only that Defendants failed to act with prudence under § 1104 when failing to solicit bids and to monitor and control recordkeeping fees."); Troudt v. Oracle Corp., No. 16-175, 2017 WL 1100876, at *2 (D. Colo. Mar. 22, 2017) (allegation that plan investment option "greatly" underperformed before being removed from the plan "suggest[s] a lack of prudence" sufficient to deny a motion to dismiss); Terraza v. Safeway Inc., 241 F. Supp. 3d 1057, 1076-77 (N.D. Cal. 2017) (finding allegations that actively-managed funds were imprudently expensive compared to Vanguard and

underperformed, combined with allegations of potential bias in the selection of funds, sufficient for the court to "reasonably infer … that the Defendants engaged in a flawed decision-making process by selecting and retaining the challenged investment options"); Wildman, 237 F. Supp.3d at 913-14 ("Plaintiffs' allegation that fiduciaries limited the Plan's investment lineup to American Century funds for their own self-interest creates an inference that fiduciaries used an imprudent and disloyal process to manage the Plan.").

Defendants have advanced a new argument that the Complaint impermissibly groups together all Defendants, including the Administrative Committee and the Investment Committee, without asserting that each had a particular role in the misconduct alleged. See Tully v. Bank of America, N.A., Civ. No. 104734 (DWF/JSM), 2011 WL 1882665 at *6 (D. Minn. May 17, 2011) ("A complaint which lumps all defendants together and does not sufficiently allege who did what to whom, fails to state a claim for relief because it does not provide fair notice of the grounds for the claims made against a particular defendant.").

According to the Amended Complaint, the Administrative Committee "has the authority to exercise discretion and control over various plan administrative functions, including the Plan's recordkeeping and administrative contracts and relationships," and the Investment Committee has the "authority to determine the investment funds made available under the Plan, to select maintain or remove any funds from the Plan, and to develop and oversee the implementation of any investment education program." (FAC ¶¶ 20, 22, 29, 30) Defendants contend that Claim I (breach of fiduciary duty in connection with selecting and maintaining plan investments) fails to state a claim as to the Administrative Committee because Plaintiffs do not allege any responsibility of the Administrative Committee to select Plan investment options. Likewise, Claim II (failure to defray Plan expenses) fails to state a claim as to the Investment Committee

7

because Plaintiffs do not allege any responsibility of the Investment Committee to select or monitor Mercer, the Plan's record-keeper.

Upon review and consideration, the Court finds that Plaintiffs have sufficiently detailed and differentiated the claims asserted against the Administrative Committee and the Investment Committee. The amended complaint is far from a "kitchen sink" or "shotgun" pleading in which a plaintiff brings every conceivable claim against every conceivable defendant, resulting in a cause of action so general that it fails to put the various defendants on notice of the allegations against them. See Tatone v. SunTrust Mortg., Inc., 857 F. Supp. 2d 821, 831 (D. Minn. 2012). Unlike in In re Providian Fin. Corp. ERISA Litig., No. C 01-05027 CRB, 2002 WL 31785044, at *1 (N.D. Cal. Nov. 14, 2002), where "plaintiffs … lumped the various classes of defendants into an undifferentiated mass and alleged that all of them violated all of the asserted fiduciary duties," it is clear that Defendants are on notice of the claims against them and able to discern their respective roles in the alleged misconduct such that the case can move forward on the amended complaint.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss The First Amended Consolidated Complaint [61] is **DENIED.**

**IT IS FURTHER ORDERED** that this matter is set for a status conference by telephone on **Thursday, April 12, 2018 at 1:30 p.m.** Counsel is directed to call the conference toll free at 1-877-810-9415. The access code to enter the telephone conference for all participants is: 7519116.

Dated this 27th day of March, 2018.

                                                                           **JOHN A. ROSS**
                                                                           **UNITED STATES DISTRICT JUDGE**