# EXHIBIT A

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

VALESKA SCHULTZ *et al.*,              )
                                       )
        Plaintiffs,         )
                                       )
v.                                     )          Case No. 4:16-cv-1346-JAR
                                       )
EDWARD D. JONES & CO., L.P., *et al.*, )
                                       )
        Defendants.         )

This Settlement Agreement and Release ("Agreement") is entered into on December 11, 2018, by and among Plaintiffs (as defined below), on their own behalf and on behalf of the Settlement Class (as defined below) and the Plan (as defined below) on the one hand, and the Defendants (as defined below) on the other, in consideration of the promises, covenants and agreements herein described and for other good and valuable consideration acknowledged by each of them to be satisfactory and adequate.

## 1. **DEFINITIONS**

1.1.    "Action" shall mean the above-captioned case styled Valeska Schultz, et al. v. Edward D. Jones & Co., L.P., et al. now pending before the Court, and any and all cases now or hereafter consolidated herewith.

1.2.    "Administration Costs" shall mean (i) the costs and expenses associated with the production and dissemination of the Notice (as defined in Section 1.24); (ii) all reasonable costs incurred by the Settlement Administrator (as defined in Section 1.32) in administering and effectuating this Settlement, which costs and expenses are necessitated by performance and implementation of this Agreement and any Court orders relating thereto; and (iii) all reasonable fees charged by the Settlement Administrator.

1.3.    "Attorneys' Fees and Expenses" shall mean any and all attorneys' fees, costs (including expert costs) and expenses of Class Counsel (as defined in Section 1.5) for their

1

past, present, and future work, efforts, and expenditures in connection with this Action and resulting Settlement.

1.4.    "Case Contribution Award" shall have the meaning ascribed to it in Section 7.1.

1.5.    "Class Counsel" shall mean Bailey & Glasser LLP, Izard Kindall & Raabe LLP, and Kessler Topaz Meltzer & Check, LLP.

1.6.    "Court" shall mean the United States District Court for the Eastern District of Missouri.

1.7.    "Company" shall mean Edward D. Jones & Co., L.P. and its affiliates.

1.8.    "Current Participant" shall mean any Settlement Class Member with a balance in the Plan on the Distribution Date.

1.9.    "Defendants" shall mean the following persons and/or entities:  Edward D. Jones & Co., L.P., The Edward Jones Investment and Education Committee, The Edward Jones Profit Sharing and 401(k) Administrative Committee, Brett Bayston, Bonnie Caudle, Mark Vivian, Stina Wishman, Jan-Marie Kain, Linda Bannister, Ann Echelmeier, Curtis Long, David Gibson, Ken Blanchard, Jason Jonczak, Julie Rea, Asma Usmani, Glen Kolod, Juli Johnson, Jess Dechant and Peggy Robinson.

1.10.    "Defendants' Counsel" shall mean Cahill Gordon & Reindel LLP and Dowd Bennett LLP.

1.11.    "Defendant Released Parties" shall mean Defendants, and each of their predecessors, successors, parents, subsidiaries, affiliates, divisions, assigns, officers, directors, committees, partners, members, employees, fiduciaries, administrators, actuaries, agents, insurers, representatives, attorneys, retained experts and trustees (including but not limited to the current and past trustees or fiduciaries of the Plan and current and/or past members of the Edward Jones Investment and Education Committee and Edward Jones Profit Sharing and 401(k) Administrative Committee).

1.12.    "Distributable Settlement Amount" shall be the amount described in Section

2

3.2(a).

1.13.    "Distribution Date" shall be the date on which the Settlement Administrator shall determine eligibility for and disbursement amounts for Plan Participants, which shall occur as soon as administratively feasible after the Effective Date.

1.14.    "Effective Date" shall mean: (a) the date upon which the applicable period to appeal the Final Approval Order and Judgment has expired, if no appeal is taken during such period; or (b) if, during the aforesaid appeals period, an appeal is taken from such judgment, the date upon which all appeals, including petitions for review, rehearing, or certiorari, and any proceedings resulting therefrom, have been finally disposed of, or the date of the expiration of the time to initiate such petitions or proceedings.  Within five (5) business days of the date the Final Approval Order is entered by the Court, the Parties shall agree by written communication when the Effective Date has occurred; any dispute shall be resolved by the Court. It is expressly agreed by the Parties and their counsel that no Party intends this provision or any other part of this Agreement to establish or acknowledge that anyone is entitled to or has the right to appeal from the Final Approval Order and Judgment.

1.15.    "Escrow Account" shall mean an account, including a Qualified Settlement Fund as detailed in Section 3.1(h), at an established Financial Institution agreed upon by the Parties that is established for the deposit of any amounts relating to the Settlement.

1.16.    "Escrow Agent" shall mean KCC Class Action Services, LLC, or whatever other person or entity is approved by the Court to act as escrow agent for any portion of the Settlement Amount (as defined in Section 1.33) deposited in or accruing in the Escrow Account pursuant to this Agreement.

1.17.    "Fee and Expense Application" shall mean the petition to be filed by Class Counsel seeking approval of an award of Attorneys' Fees and Expenses.

1.18.    "Final Approval Hearing" shall mean the hearing to be held before the Court pursuant to Federal Rule of Civil Procedure 23(e) to determine whether the Agreement should receive final approval by the Court. The Parties will request that the Final Approval

3

Hearing shall be scheduled for a date no earlier than 110 days after the entry of the Preliminary Approval Order (as defined in Section 1.29.).

1.19.     "Final Approval Order and Judgment" or "Final Approval Order" shall mean a final order entered by the Court after the Final Approval Hearing, substantially the same in all material respects to that attached hereto as Exhibit A, granting its approval of the Settlement. The Parties may agree to additions or modifications to the form of the Final Approval Order and Judgment as they agree are appropriate either before it is submitted to the Court for final approval of the Settlement or thereafter.

1.20.     "Financial Institution" shall mean the institution at which the Escrow Account is established, which is Bank of America, or similar financial institution.

1.21.     "Former Participant" shall mean any Settlement Class Member that maintained a balance in the Plan after January 1, 2010, but who is not carrying a balance in the Plan on the Distribution Date.

1.22.     "Independent Fiduciary" shall mean Newport Trust Company or, upon agreement of the parties, an alternative qualified and experienced independent fiduciary whose purpose shall be to evaluate the settlement for purposes of compliance with Department of Labor Prohibited Transaction Class Exemption 2003-39.

1.23.     "Independent Fiduciary Fees" shall mean the reasonable fees and expenses of the Independent Fiduciary. The Independent Fiduciary Fees shall be payable from the Settlement Fund after such funds are deposited with the Escrow Agent and upon receipt of an invoice from the Independent Fiduciary.

1.24.     "Notice" shall mean the notice, identical in all material respects to that attached hereto as Exhibit B (or as amended by the Court or agreement of the Parties), to be provided directly to Settlement Class Members (as defined in Section 1.35) pursuant to Section 2.10 and made available on the Settlement Website (as defined in Section 1.37) and the website of Class Counsel.

1.25.     "Parties" shall mean Plaintiffs (as defined in Section 1.26), the Settlement

4

Class (as defined in Section 1.34), and the Defendants.

1.26.     "Plaintiffs" shall mean plaintiffs Valeska Schultz, Melanie Waugh, and Rosalind Staley.

1.27.     "Plan" shall mean the Edward D. Jones & Co. Profit Sharing and 401(k) Plan.

1.28.     "Plan of Allocation" shall mean the plan or formula of allocation of the Distributable Settlement Amount as approved by the Court, which plan or formula shall govern the distribution of the Distributable Settlement Amount, in the form attached hereto as Exhibit C. Notwithstanding any other provision of this Agreement, any revisions by the Court or any appellate court or otherwise relating solely to the Plan of Allocation shall not operate to terminate or cancel or otherwise affect this Agreement, provided that any such revisions do not require the Company, or its affiliates, or any Defendant to incur additional expenses and costs to provide data not already readily available on their computer systems.

1.29.     "Preliminary Approval Order" shall mean an order entered by the Court preliminarily approving the Settlement, pursuant to Section 2.2 below, that is substantially the same in all material respects to that attached hereto as Exhibit D, unless the Parties agree to modify the terms thereof.

1.30.      "Released Claims" shall be any and all claims for monetary, injunctive and all other relief against Defendants Edward D. Jones & Co., L.P., The Edward Jones Investment and Education Committee, The Edward Jones Profit Sharing and 401(k) Administrative Committee, Brett Bayston, Bonnie Caudle, Mark Vivian, Stina Wishman, Jan-Marie Kain, Linda Bannister, Ann Echelmeier, Curtis Long, David Gibson, Ken Blanchard, Jason Jonczak, Julie Rea, Asma Usmani, Glen Kolod, Juli Johnson, Jess Dechant and Peggy Robinson, as well as all other Defendant Released Parties that arise out of or relate to the transactions and occurrences asserted in the Action, or that could have been asserted in the Action, including, but not limited to,  the selection and monitoring of Plan investment options and the expense of the Plan's recordkeeper. Released Claims shall not include claims to enforce the covenants or obligations set forth in this Agreement, nor shall

5

they include, and this Agreement does not in any way bar, limit, waive, or release, any individual claim by any Plaintiff or a Settlement Class Member for vested benefits that are otherwise due under the terms of the Plan. With respect to the Released Claims, it is the intention of the Parties and all other Settlement Class Members and the Plan expressly to waive to the fullest extent of the law: (a) the provisions, rights and benefits of Section 1542 of the California Civil Code, which provides that "A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor"; and (b) the provisions, rights and benefits of any similar statute or common law of any other jurisdiction that may be, or may be asserted to be, applicable. In addition, Edward Jones and all Defendants hereby irrevocably and fully forever settle, discharge, and release individuals who are current or former named plaintiffs in the Action, and their current or former counsel, from any and all claims, actions, causes of action, controversies, demands, disputes, duties, debts, damages, obligations, contracts, agreements, promises, issues, judgments, liabilities, liens, losses, sums of money, matters, suits, proceedings, and rights of every nature and description, whether known or unknown, suspected or unsuspected, concealed or unconcealed, foreseen or unforeseen, fixed or contingent, matured or unmatured, accrued or unaccrued, liquidated or unliquidated, whether based on federal, state, local or foreign statutory law, rule, regulation, common law or equity, that they now have or hereafter can, shall or may have that (i) are asserted in the Action or (ii) the prosecution or settlement of the Action.  Notwithstanding anything to the contrary in this Agreement, however, nothing herein will release the Class Representatives or the Class or Class Counsel from their obligations under this Agreement.

1.31.    "Settlement" shall mean the compromise and Settlement embodied in this Agreement.

1.32.    "Settlement Administrator" shall mean KCC Class Action Services, LLC.

1.33.    "Settlement Amount" shall mean the sum of three million one-hundred

seventy-five thousand dollars ($3,175,000).

1.34.   "Settlement Class" shall mean the class comprised of members of the class as defined in Section 2.2.

1.35.   "Settlement Class Member" shall mean a member of the Settlement Class.

1.36.   "Settlement Fund" shall have the meaning ascribed to it in Section 3.1(b).

1.37.   "Settlement Website" shall have the meaning ascribed to it in Section 2.12.

1.38.   "Taxes" shall have the meaning ascribed to it in Section 3.1(i).

1.39.   "Tax-Related Costs" shall have the meaning ascribed to it in Section 3.1(i).

1.40.   "Unknown Claims" shall mean any Released Claims that Plaintiffs, any Settlement Class Member(s) and/or any of the other Parties do not know or suspect to exist in their favor at the time of the release of the Defendant Released Parties, including claims which, if known by them, might have affected their settlement with and release of the Defendant Released Parties, or might have affected their decision not to object to this Settlement. Plaintiffs, any Settlement Class Member, and any of the other Parties may later discover facts in addition to or different from those which they now know or believe to be true with respect to the subject matter of the Released Claims, but Plaintiffs, any Settlement Class Member and all of the other Parties, upon the Effective Date, shall be deemed to have, and by operation of the Final Approval Order and Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. Plaintiffs, any Settlement Class Member and all of the other Parties shall be deemed by operation of the Final Approval Order and Judgment to have acknowledged that the foregoing waiver was separately bargained for and a key element of the Settlement of which this release is a part

7

2. **CONDITIONS TO THE FINALITY OF THE SETTLEMENT**

This Settlement shall be contingent upon each of the following conditions in Section 2.1 to 2.15 being satisfied. The Parties agree that if any of these conditions is not satisfied, then this Agreement shall terminate and the Action will for all purposes with respect to the Parties revert to its status as of August 24, 2018. In such event, Defendants will not be deemed to have consented to class certification as described in Section 2.2, the agreements and stipulations in this Agreement concerning class certification shall not be used as evidence or argument to support class certification, and Defendants will retain all rights with respect to class certification. Further, all other agreements and stipulations in this Agreement shall not be admissible as evidence for any purpose by any individual or entity against Defendants in any pending or future litigation.

2.1. *Court Approval of Settlement.* In order for the Settlement to be effective it must first be approved by the Court, as provided for in this Section 2. The Parties shall cooperate in good faith to allow Plaintiffs to seek Court approval required to effect the Settlement.

2.2. *Motion for Preliminary Approval and Certification of Settlement Class.* As soon as is practicable after execution of this Agreement, Plaintiffs shall move the Court (i) for preliminary approval of the Settlement, including entry of an order identical in all material respects to the form of the Preliminary Approval Order, and (ii) for purposes of this Settlement only, conditional certification of the Settlement Class. The "Settlement Class" will consist of all Current and Former Participants in the Plan who maintained a balance of any amount in the Plan at any point during the period from January 1, 2010 to the date of entry of the Preliminary Approval Order. Defendants will not object to Plaintiffs' motion for preliminary approval and class certification. Defendants are excluded from the Settlement Class.

2.3. *Basis for Certification of Settlement Class.* Plaintiffs will seek certification of the Settlement Class under Federal Rule of Civil Procedure 23(b)(1).

8

2.4.    ***Certification for Settlement Purposes Only.*** Plaintiffs' motion for class certification shall be for the limited purpose of effectuating this Agreement only. Defendants shall not take any position with respect to Plaintiffs' request for certification of the Settlement Class only, but reserve all rights to object to the propriety of class certification in the Action in all other contexts and for all other purposes.

2.5.    ***The Final Approval Hearing.*** On or after the date set by the Court for the Final Approval Hearing pursuant to Federal Rule of Civil Procedure 23(e)(2), the Court will determine (i) whether to enter a judgment finally approving the Settlement; and (ii) what, if any, legal fees, compensation, and expenses should be awarded to Plaintiffs and/or Class Counsel as contemplated by Sections 7.1 to 7.2 of this Agreement.

2.6.    ***Entry of Judgment.*** This agreement is contingent on the Court entering judgment in a form substantially similar to the form attached hereto as **Exhibit A**, unless the Parties agree to a different form.

2.7.    ***Funding of the Settlement Amount.*** The Company shall cause the Settlement Amount to be deposited to the Settlement Fund and/or allocated to the Settlement Class Members at the time(s) prescribed by and otherwise as provided for in Sections 3.1 and 3.2.

2.8.    ***Vacating Settlement Certification and Reservation of Rights.*** The certification of the Settlement Class shall be binding only with respect to the Settlement of the Action. If the Judgment is terminated, or is reversed, vacated, or modified in any material respect by the Court or any other court, the certification of the Settlement Class shall be vacated, the Action shall proceed as though the Settlement Class had never been certified, and no reference to the prior Settlement Class or any documents related thereto shall be made for any purpose.

2.9.    ***Settlement Authorized by Independent Fiduciary***

(a)    The Independent Fiduciary will review the settlement and provide any necessary authorizations, including the authorization required by Prohibited

9

Transaction Exemption 2003-39, 68 Fed. Reg. 75632 (Dec. 31, 2003), as amended by 75 Fed. Reg. 33830 (June 15, 2010). All fees charged by the Independent Fiduciary for its service, together with all costs reasonably borne by the Independent Fiduciary that are chargeable under the agreement with the Independent Fiduciary, shall be paid out of the Settlement Fund, to the extent these fees and costs do not exceed $50,000. If these fees and costs exceed $50,000, they shall be borne first out of funds remaining in the Settlement Fund as a result of any uncashed checks, consistent with Section 3.2(f) and the Company shall cause any remaining reasonable fees and costs of the Independent Fiduciary to be paid

(b)     At least twenty (20) days prior to the Final Approval Hearing, the Independent Fiduciary shall have approved and authorized in writing the Settlement, and given a release in its capacity as fiduciary of the Plan for and on behalf of the Plan, on the terms set forth in Section 5.1, in accordance with Prohibited Transaction Class Exemption 2003-39. If the Independent Fiduciary disapproves or otherwise does not authorize the Settlement or refuses to execute the release on behalf of the Plan, then the Company, at its sole election, shall be entitled to terminate the Agreement. Alternatively, the Company shall have the option to waive this condition only if so stipulated by the Parties. Either option is to be exercised in writing within the earlier of: (i) ten (10) days after the Parties' receipt of the Independent Fiduciary's written determination or (ii) three (3) days prior to the date set for the Final Approval Hearing, unless otherwise agreed by the Parties. The Parties shall comply with reasonable requests for information made by the Independent Fiduciary.

2.10.   *Class Notice*

(a)     Within fourteen (14) days of the entry of the Preliminary Approval Order, the Company shall provide to the Settlement Administrator data sufficient to determine the identity and last known address of Settlement Class Members.

(b)      Within thirty-five (35) days of the entry of the Preliminary Approval Order, the Settlement Administrator shall send the Notice by electronic mail to current Plan participants who are Settlement Class Members and have elected to receive their quarterly statements electronically or, by first-class mail to the address on file at the Plan's current recordkeeper for Current Participants who are Settlement Class Members and do not receive their quarterly statements electronically. Former Participants who are Settlement Class Members will receive the Notice by mail to the last address on file with the Plan's recordkeeper. For those receiving Notice via mail, the mailing address will be updated by the Settlement Administrator through the National Change of Address database before mailing (with all returned mail skip-traced and promptly re-mailed).

(c)      The Settlement Administrator will distribute to each Settlement Class Member that Settlement Class Member's portion of the Distributable Settlement Amount.  For each Current Participant in the Plan, the payment will be credited to the participant's account. For each Former Participant, the payment will be made in the form of a check mailed to the address maintained by the Settlement Administrator.

2.11.   ***Class Action Fairness Act Notice.*** The Settlement Administrator shall comply with the notice requirements of 28 U.S.C. § 1715 and shall file a notice confirming compliance prior to the Final Approval Hearing.

2.12.   ***Settlement Website.*** Within thirty (30) days of the entry of the Preliminary Approval Order and no later than the first date that the mailing of the Notice occurs, the Settlement Administrator shall establish the Settlement Website, which will contain the operative Complaint, the Defendants' Motion to Dismiss the operative Complaint, the Notice, this Agreement and its exhibits, any Orders related to the Settlement, and any additional material agreed upon by the Parties related to the Settlement. The Notice will identify the web address of the Settlement Website.

11

2.13.   ***Settlement Information Line.*** Within thirty (30) days of the entry of the Preliminary Approval Order and no later than the first business day following the date that the mailing of the Notice occurs, the Settlement Administrator shall establish a toll-free telephone number to which Settlement Class Members can direct questions about the Settlement.  The Settlement Administrator shall develop a question-and-answer-type script, with input and approval from Defendants' Counsel and Class Counsel, for the use of persons who answer calls to this line.

2.14.   ***Rights of Exclusion.*** Class Members shall not be permitted to exclude themselves from the Settlement Class.

2.15.   ***Right to Object.*** Members of the Settlement Class shall be permitted to object to the Settlement. Requirements for filing an objection shall be as set forth in the Preliminary Approval Order.

3       **PAYMENTS TO THE SETTLEMENT CLASS**

3.1.   ***The Settlement Amount.***

(a)     In consideration of all the promises and agreements set forth in this Agreement, the Company will cause the Settlement Amount to be paid.  No other of the Defendant Released Parties shall have any obligation to contribute financially to this Settlement.

(b)     The Company shall cause the Settlement Amount to be paid by wire transfer into the Escrow Account on the later of fifteen (15) calendar days of the entry of the Preliminary Approval or ten (10) calendar days after receiving account and wiring instructions from Class Counsel or the Settlement Administrator and this funding shall constitute the Settlement Fund.

(c)     The Settlement Amount shall be used solely for the purposes set forth in Section 3.1(j) below.

(d)     Subject to Court approval and oversight, the Escrow Account will be controlled by the Settlement Administrator.  Neither Defendants nor Plaintiffs shall

have any liability whatsoever for the acts or omissions of the Settlement Administrator appointed by the Court. The Settlement Administrator shall not disburse the Settlement Amount or any portion thereof except as provided for in this Agreement, by an Order of the Court, or with prior written agreement of Class Counsel and Defendants' Counsel.

(e)     The Settlement Administrator is authorized to execute transactions on behalf of the Settlement Class Members that are consistent with the terms of this Agreement and with Orders of the Court.

(f)     All funds held in the Escrow Account shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until the funds are distributed in accordance with this Agreement.

(g)     The Settlement Administrator shall, to the extent practicable, invest the Settlement Amount in discrete and identifiable instruments backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof and shall reinvest the proceeds of these instruments as they mature in similar instruments at their then current market rates. The Settlement Administrator shall maintain records identifying in detail each instrument in which the Settlement Amount or any portion thereof has been invested, and identifying the precise location (including safe deposit box number) of each such instrument. Neither the Settlement Amount nor any portion thereof shall be commingled with any other monies in any instruments.  Any cash portion of the Settlement Amount not invested in instruments of the type described in the first sentence of this Section shall be maintained by the Settlement Administrator, and not commingled with any other monies, at a bank account, which shall promptly be identified to the Parties at any party's request by account number and any other identifying information. The Settlement Administrator and Settlement Class Members shall bear all risks related to investment of the Settlement Amount.

(h)   The Escrow Account is intended to be a "Qualified Settlement Fund" within the meaning of Treasury Regulation § 1.468B-1.  The Settlement Administrator, as administrator of the Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall be solely responsible for filing tax returns for the Escrow Account and paying from the Escrow Account any Taxes owed with respect to the Escrow Account. Defendants agree to provide the Settlement Administrator with the statement described in Treasury Regulation §1.468B-3(e). Neither Defendants, Defendants' Counsel, Plaintiffs, nor Class Counsel shall have any liability or responsibility of any sort for filing any tax returns or paying any taxes with respect to the Escrow Account.

(i)   All (i) taxes on the income of the Escrow Account ("Taxes") and (ii) expenses and costs incurred in connection with the taxation of the Escrow Account (including, without limitation, expenses of tax attorneys and accountants) ("Tax-Related Costs") shall be timely paid by the Settlement Administrator out of the Escrow Account.

(j)   The Settlement Amount, together with any interest accrued thereon, will be used to pay the following amounts associated with the Settlement:

  i.   Compensation to Settlement Class Members determined in accordance with Section 3.2;

  ii.   Any Case Contribution Award approved by the Court;

  iii.   All Attorneys' Fees and Expenses approved by the Court;

  iv.   Independent Fiduciary Fees and Costs (up to $50,000, plus amounts remaining from uncashed checks to Settlement Class Members);

  v.   Administration Costs; and

  vi.   Taxes and Tax-Related Costs.

14

3.2.  ***Distribution to Settlement Class Members.***

(a)  After payment of Class Counsel's Attorneys' Fees and Expenses approved by the Court, Administration Costs (including an estimated provision for the costs of the distribution to Settlement Class Members and other post-distribution related Administration Costs, as proposed by the Settlement Administrator and approved by Class Counsel and Defendants' Counsel as reasonable), Independent Fiduciary Fees and Costs, Case Contribution Awards, and Taxes and Tax-Related Costs, the money remaining in the Settlement Fund, including any interest thereon (the "Distributable Settlement Amount") will be distributed to Settlement Class Members.

(b)  The Distributable Settlement Amount will be distributed to Settlement Class Members as described in the Plan of Allocation attached hereto as **Exhibit C** or such other allocation plan as may be ordered by the Court. It is understood and agreed by the Parties that the proposed Plan of Allocation is not part of this Agreement and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement, and any order or proceeding relating to the Plan of Allocation shall not operate to terminate or cancel this Agreement or affect the finality of the Court's Final Approval Order and Judgment approving the Settlement or any other Orders entered pursuant to the Agreement. Notwithstanding the foregoing, or anything else in this Agreement, any revisions to the Plan of Allocation that would require the Company or its affiliates to incur additional expenses or costs or to provide data not already readily available on its computer systems shall be deemed a material alteration of this Agreement and entitle the Company, at its sole election, to terminate the Agreement.

(c)  The Settlement Administrator shall disburse the Distributable Settlement Amount within 10 business days of the Distribution Date.

(d)     No payment to any Settlement Class Member shall be smaller than ten dollars ($10.00). Any Settlement Class Member whose payment pursuant to Section 3.2(b) is less than ten dollars ($10.00) shall receive a payment of ten dollars ($10.00).

(e)     Current Participants will be paid by electronic distribution to their Plan accounts.  Former Participants will be paid by check expiring ninety (90) days after issuance, after which the checks shall be void.  The voidance of checks shall have no effect on the Settlement Class Members' release of claims, obligations, representations, or warranties as provided herein, which shall remain in full effect.

(f)     To the extent funds remain in the Settlement Fund after issued checks have expired, such funds will first be used to pay any Independent Fiduciary Fees exceeding $50,000. The remainder of the Settlement Fund will be electronically distributed to the Plan to pay Plan expenses not currently paid by Edward Jones or Defendants. In no case shall such funds be paid to or for the benefit of Edward Jones or Defendants.

3.3.     ***Responsibility for Taxes on Distribution.***  Each Settlement Class Member who receives a payment under this Agreement shall be fully and ultimately responsible for payment of any and all federal, state or local taxes resulting from or attributable to the payment received by such person. Each Settlement Class Member shall hold Defendants, Defendants' Counsel, the Defendant Released Parties, Class Counsel, and the Settlement Administrator harmless from any tax liability, including penalties and interest, related in any way to payments or credits under the Agreement, and shall hold Defendants, Defendants' Counsel, the Defendant Released Parties, Class Counsel, and the Settlement Administrator harmless from the costs (including, for example, attorneys' fees and disbursements) of any proceedings (including, for example, investigation and suit), related to such tax liability. Plaintiffs acknowledge that the Defendant Released Parties have no responsibility for any

16

taxes due on funds deposited in or distributed from the Settlement Fund or that Plaintiffs or Class Counsel receive from the Settlement Amount.

3.4.     ***Treatment of Undistributed Funds and Uncashed Checks.*** Funds associated with checks that are not cashed within ninety (90) days of issuance and funds that cannot be distributed to Settlement Class Members for any other reason, together with any interest earned on them, and after the payment of any applicable taxes by the Escrow Agent, shall be returned to the Settlement Fund by the Settlement Administrator to be distributed as described in Section 3.2(f).

3.5.     ***Administration Costs.*** The Administration Costs shall be paid from the Settlement Amount.  The Settlement Administrator will reserve from the Settlement Amount its estimated costs of completing settlement administration activities, including the costs of distributing the Distributable Settlement Amount to Settlement Class Members as described in Section 3.2. Beginning thirty (30) days after the entry of the Preliminary Approval Order, and on every thirty (30) days thereafter, the Settlement Administrator shall provide the Parties with a detailed accounting of any Administration Costs expended to date and an invoice for the amount of such Administration Costs. Any disputes as to whether amounts billed by the Settlement Administrator are reasonable and necessary under this Agreement shall be resolved by the Court.

3.6.     ***Entire Monetary Obligation.*** Notwithstanding anything else in this Agreement (except with respect to Independent Fiduciary Fees and costs in excess of $50,000, to the extent not covered by uncashed checks to Settlement Class Members as addressed by Sections 3.2(f) and 2.9(a)), in no event shall any Defendant be required to pay any amounts other than the Settlement Amount. It is understood and agreed that Defendants' monetary obligations under this Settlement Agreement will be fully discharged by the Company causing the amount specified in Sections 1.33 and 3.1(a) above to be paid, and that Defendants shall have no other monetary obligations, or obligations to make any other payments under this Agreement or otherwise.

17

4      **SETTLEMENT ADMINISTRATION**

4.1.   Within fourteen (14) days of the entry of the Preliminary Approval Order, the Company shall cause the Settlement Administrator to receive the participant data sufficient to effectuate class notice, implement the Plan of Allocation, and distribute the settlement proceeds.

4.2.   The Settlement Administrator shall administer the Settlement subject to the supervision of Class Counsel and the Court as circumstances may require.

4.3.   Defendants and Defendants' Counsel shall have no responsibility for, interest in, or liability whatsoever, with respect to:

    (a)   any act, omission or determination of the Settlement Administrator, Class Counsel, or designees or agents of Class Counsel or the Settlement Administrator;

    (b)   any act, omission or determination of Class Counsel or their designees or agents in connection with the administration of the Settlement;

    (c)   the management, investment, or distribution of the Settlement Amount or the Distributable Settlement Amount; or

    (d)   the determination, administration, calculation, or payment of any claims asserted against the Settlement Amount or the Distributable Settlement Amount.

4.4.   The Settlement Administrator shall provide to Class Counsel and Defendants' Counsel, no less frequently than monthly, a full accounting of all expenditures made in connection with the Settlement, including Administration Costs, and any distributions from the Settlement Amount.

4.5.   The Settlement Administrator shall provide such information as may reasonably be requested by Plaintiffs or Defendants or their respective counsel relating to administration of this Agreement.

4.6.   Plaintiffs, Class Counsel, and the Settlement Administrator shall not be liable for any errors resulting from receipt of inaccurate plan data, nor shall Defendants be liable for any

inaccurate plan data that is not supplied directly by Defendants.

5      **RELEASES, COVENANTS AND JUDICIAL FINDINGS**

5.1.   ***Release of Defendants and Defendant Released Parties.*** Subject to Section 8 below, upon
       the Effective Date, Plaintiffs, each Settlement Class Member (on behalf of themselves, their
       current and former beneficiaries, their representatives and successors-in-interest), and the
       Plan (by and through the Independent Fiduciary pursuant to Section 2.9) absolutely and
       unconditionally release and forever discharge all Released Claims. The Independent
       Fiduciary is not a released party and claims brought solely against the Independent fiduciary
       are not released.

5.2.   ***Covenant Not to Sue.*** Subject to Section 8 below, upon the Effective Date, Plaintiffs, each
       Settlement Class Member (on behalf of themselves, their current and former beneficiaries,
       their representatives and successors-in-interest ), covenant and agree on their own behalf:  (i)
       not to file against any Defendant Released Party any Claim based on, relating to, arising from,
       or in connection with any Released Claim; and (ii) that the foregoing covenants and
       agreements shall be a complete defense to any such Claims against any of the respective
       Released Parties.  The Parties acknowledge that any Settlement Class Member who violates
       this Covenant will be liable for all costs and fees, including attorneys' fees, the Released
       Parties may incur in defending against any action subject to this Covenant (the "Covenant Not
       to Sue"). Consistent with this Covenant Not to Sue, the Final Approval Order and Judgment
       shall contain a bar order as set forth in Paragraph 10 of the Final Approval Order and
       Judgment attached hereto as Exhibit A.

5.3.   ***Releases of Plaintiffs, the Plan, the Settlement Class, and Class Counsel.*** Upon the
       Effective Date and as set forth in Section 1.30, the Company (on behalf of itself and its
       representatives and successors-in-interest) shall be deemed to have, and by operation of the
       Judgment, shall have, fully, finally, and forever released, relinquished, and discharged, and
       shall forever be enjoined from prosecution of Plaintiffs, the Plan, the Settlement Class, and
       Class Counsel from any and all actual or potential claims, actions, causes of action, demands,

obligations, liabilities, attorneys' fees and costs, whether under local, state or federal law, whether by statute, contract, common law or equity, whether brought in an individual, representative or any other capacity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, in connection with the Action.

5.4.  *Access to Company Information*. Where the information maintained by the Plan recordkeeper proves to be inadequate for the Settlement Administrator to discharge its duties, the Company shall, upon request of the Settlement Administrator and a reasonable period before the issuance of the Notice, produce to the Settlement Administrator the Settlement Class Members' names and last known addresses as they appear in the Company's records, and the average year-end account balances for each Settlement Class Member for the purposes of providing the Notice required under Section 2.10 implementing the Plan of Allocation required under Section 3.2. The Company shall not be otherwise obligated to assist with communications to the Settlement Class Members or distributions to former Plan participants.

5.5.  *Use of Settlement Administrator Information.* Both sides shall have equal access to information held by the Settlement Administrator, but only to the extent that that such information is necessary to administer this Settlement consistent with Class Counsel's obligation to do so; however, such information shall be kept in strict confidence by Class Counsel, shall not be disclosed to any other person or entity or used for any purpose other than to administer and implement the Settlement and shall be destroyed no later than 2 years after the Settlement Administration is complete.

5.6.  *Use of Company Information.* Class Counsel and their agents shall use any information provided by the Company pursuant to the express provisions of this Agreement solely for the purpose of providing the Notice and administering this Settlement and for no other purpose.

6   **REPRESENTATIONS AND WARRANTIES**

20

6.1.   ***Settling Parties' Representations and Warranties.***  The Parties, and each of them, represent and warrant as follows, and each settling Party acknowledges that each other Party is relying on these representations and warranties in entering into this Settlement Agreement:

   (a)   The Settlement avoids the risk to Plaintiffs of no recovery at all through further litigation of the Action.

   (b)   Plaintiffs have diligently investigated the claims in this Action; that they are voluntarily entering into this Agreement as a result of arm's-length negotiations among their counsel; that in executing this Agreement they are relying solely upon their own judgment, belief and knowledge, and the advice and recommendations of their own independently-selected counsel, concerning the nature, extent and duration of their rights and Claims hereunder and regarding all matters which relate in any way to the subject matter hereof, including the fact that in the ordinary course of Plan administration, the Edward Jones Investment and Education Committee is retaining an independent consultant to review the Plan's investment strategy, structure, and fund selection, and the Edward Jones Profit Sharing and 401(k) Administrative Committee is issuing a request for proposal for Plan recordkeeping services; and that, except as provided in this Agreement, they have not been influenced to any extent whatsoever in executing this Agreement by any representations, statements, or omissions pertaining to any of the foregoing matters by any Party or by any person representing any Settling Party.  While the Company will undertake the reviews outlined in Section 10.7, nothing in this Agreement requires the Edward Jones Investment and Education Committee to make any changes to the lineup of fund offerings within the Plan, and nothing in this Agreement requires the Edward Jones Profit Sharing and 401(k) Administrative Committee to select a different recordkeeper for the Plan or

21

alter the current recordkeeping agreement.

(c)    Each Party assumes the risk of mistake as to facts or law.

(d)    That they have carefully read the contents of this Agreement and this Agreement is signed freely by each person executing the Agreement on behalf of each of the Parties. The Parties, and each of them, further represent and warrant to each other that he, she, or it has made such investigation of the facts pertaining to this Settlement, this Agreement, and all of the matters pertaining thereto, as he, she or it deems necessary.

6.2.    ***Signatories' Representations and Warranties.***  Each person executing this Agreement on behalf of any other person does hereby personally represent and warrant that he or she has the authority to execute this Agreement on behalf of, and fully bind, each principal whom such individual represents or purports to represent and that no right or claim compromised pursuant to this Agreement, no claim made in other Court filings by Plaintiffs, and no Representation or Warranty has been assigned or hypothecated to any third party. Further, each Person executing this Agreement on behalf of any other person does hereby personally represent and warrant that he or she indemnifies all Defendants referenced in Plaintiff's Complaint against all representations and warranties herein.

7    **MONETARY PAYMENTS**

7.1.    ***Case Contribution Award***

(a)    Each Plaintiff intends to seek a Case Contribution Award not to exceed the amount of ten thousand dollars ($10,000.00) per Plaintiff, which shall be subject to Court approval (the "Case Contribution Award"). Defendants shall not oppose Case Contribution Awards up to that amount. Any Case Contribution Award approved by the Court shall be caused to be paid within thirty (30) days of the Effective Date. The Case Contribution Award shall be paid by the Settlement Administrator solely out of the Settlement Amount and shall be deducted (to the extent approved by the Court) from the Settlement

Amount on or after the Effective Date and prior to the distribution to the Settlement Class Members.  Plaintiffs shall also be entitled to further distribution under this Settlement pursuant to Section 3.2 as Settlement Class Members.

(b)      Notwithstanding any other provision of this Agreement to the contrary, the procedure for and the allowance or disallowance (in whole or in part) by the Court of any application for the Case Contribution Award shall be considered by the Court separately from its consideration of the fairness, reasonableness, and adequacy of the Settlement, and any Order or proceedings relating to the Case Contribution Award, or any appeal of any Order relating thereto, shall not operate to terminate or cancel this Agreement or be deemed material thereto.

(c)      Defendants shall have no obligations whatsoever with respect to any Case Contribution Award to Plaintiffs, which shall be payable solely out of the Settlement Amount.

7.2.    ***Attorneys' Fees and Expenses***

(a)      Class Counsel intends to submit a Fee and Expense Application, seeking an award of Attorneys' Fees not exceeding one-third of the Settlement Fund, plus reimbursement of Expenses not to exceed $50,000.  Defendants shall not oppose an Attorneys' Fees and Expenses award up to that amount.  Any amount awarded by the Court in response to such Fee and Expense Application shall be paid by the Settlement Administrator solely out of the Settlement Amount and shall be deducted (to the extent approved by the Court) from the Settlement Amount and paid to Class Counsel within forty-five (45) days after entry of the Order authorizing such Fee and Expense payment, whether or not such order has been appealed.

23

     (b)     Notwithstanding any other provision of this Agreement to the contrary, the procedure for and the allowance or disallowance (in whole or in part) by the Court of the Fee and Expense Application to be paid out of the Settlement Amount shall be considered by the Court separately from its consideration of the fairness, reasonableness, and adequacy of the Settlement, and any Order or proceedings relating to the award of Attorneys' Fees, or any appeal of any Order relating thereto, shall not operate to terminate or cancel this Agreement or be deemed material thereto.

     (c)     Defendants shall have no obligations whatsoever with respect to any attorneys' fees or expenses incurred by Class Counsel, which shall be payable solely out of the Settlement Amount.

## 8     CONTINGENCIES, EFFECT OF DISAPPROVAL OR TERMINATION OF SETTLEMENT

8.1.     If the Court or, in the event of an appeal, any appellate court refuses to approve, or modifies any material aspect of this Agreement or the proposed Preliminary Approval Order or Final Approval Order and Judgment, including, but not limited to any judicial findings included therein, Plaintiffs or Defendants may terminate this Agreement and the Settlement as set forth below.

8.2.     This Agreement and the Settlement shall terminate and be cancelled if, within ten business days after any of the following events, one of the Parties provides written notification of an election to terminate the Settlement:

     (a)     The Court declines to provide preliminary approval of this Agreement, or declines to enter or materially modifies the contents of the Preliminary Approval Order attached hereto as **Exhibit D** without the consent of the

24

Parties, or the Preliminary Approval Order is vacated, reversed or modified in any material respect on any appeal or other review or in a collateral proceeding occurring prior to the Effective Date;

(b)    The Court declines to provide final approval of this Agreement, or declines to enter or materially modifies the contents of the Final Approval Order and Judgment attached hereto as **Exhibit A** without the consent of the Parties;

(c)    The Court's Final Approval Order and Judgment is vacated, reversed or modified in any material respect on any appeal or other review or in a collateral proceeding occurring prior to the Effective Date; or

(d)    The Effective Date does not occur for some other reason.

8.3.    For purposes of this Agreement and this Section 8.2, no Order of the Court, or modification or reversal on appeal of any Order of the Court, solely concerning the Plan of Allocation, the administration of the Settlement or the persons performing such administrative functions, or the amount, advancement or award of any Attorneys' Fees and Expenses or Case Contribution Award, or Case Contribution Award denial, or certifying the Class under a provision other than Rule 23(b)(1), shall constitute grounds for cancellation or termination of the Agreement.

8.4.    This Agreement shall terminate if and when any of the conditions specified in Section 2 is not satisfied.

8.5.    This Agreement and the Settlement shall terminate and be cancelled if (a) any federal or state authorities object to or request material modifications to the Agreement to which the Parties do not agree; and (b) within ten (10) business days after the deadline set in the Preliminary Approval Order for such objections or requests, or within ten (10) business days of receiving any such objection or request, if later, Plaintiffs or Defendants provide written notice of their

election to terminate the Settlement.

8.6.  If for any reason this Agreement is terminated or fails to become effective, then:

>   (a)   The Settling Parties shall be deemed to have reverted to their respective status in the Action as of August 24, 2018, and shall then resume proceedings in the Court, and, except as otherwise expressly provided in this Agreement, the Parties shall proceed in all respects as if this Agreement and any related orders had not been entered.

>   (b)   Nothing in this Agreement shall be admissible as evidence for any purpose against Defendants in any pending or future litigation involving any individual or entity.

>   (c)   The provisions in Section 9.1 of this Agreement will remain in effect.

>   (d)   Class Counsel and Defendants' Counsel shall within ten (10) days after the date of termination of the Agreement jointly notify the Financial Institution in writing to return to the Company, or its designee, the full amount contained in the Settlement Fund, with all net income earned thereon, after deduction of any amounts earlier disbursed and/or incurred by the Settlement Fund as of the termination, and direct the Financial Institution to effect such return within fourteen (14) days after such notification. Prior to the return of amounts contemplated by this Section 8.5(a), the Financial Institution shall fully and finally fulfill and set aside for any and all tax obligations of the Settlement Fund as set forth in Section 3.1(i) and the Company shall have no past, present, or future liability whatsoever for any such tax obligations.

>   (e)   This Section and its provisions, and Section 9.1 of this Agreement, shall

survive any termination of this Settlement.

## 9   **NO ADMISSION OF WRONGDOING**

9.1.   The Parties understand and agree that this Agreement embodies a compromise settlement of
disputed claims, and that nothing in this Agreement, including the furnishing of consideration
for this Agreement, shall be deemed to constitute any finding or admission of any wrongdoing
or liability by any of the Defendants, or give rise to any inference of wrongdoing or liability in
the Action or any other proceeding. This Agreement and the consideration provided hereunder
are made in compromise of disputed claims and are not admissions of any liability of any
kind, whether legal or factual. The Defendants specifically deny any such liability or
wrongdoing and the Company states that it is entering into the Agreement solely to eliminate
the burden and expense of further litigation. Further, Plaintiffs, while believing that all Claims
brought in the Action against the Company have merit, have concluded that the terms of this
Agreement are fair, reasonable, and adequate to the Plan, themselves and the Settlement Class
Members given, among other things, the inherent risks, difficulties and delays in complex
ERISA litigation such as the Action and the vigorous defenses asserted by Defendants.
Defendants believe the Claims brought in this Action against the Company have no merit and
have not seen any evidence that any member of the Edward Jones Investment and Education
Committee or any member of the Edward Jones Profit Sharing and 401(k) Administrative
Committee acted negligently or disloyally to the Plan or in any way that was not in the best
interests of the Plan. Neither the fact nor the terms of this Agreement shall be offered, used, or
received in evidence in any action or proceeding for any purpose, except in an action or
proceeding to enforce this Agreement or arising out of or relating to the Judgment.

## 10   **MISCELLANEOUS**

10.1.   ***No Disparaging Statements***. Defendants, Defendants' Counsel, Plaintiffs, and Class Counsel shall make no statements to the press or make any other public statements describing this Settlement that disparage any Party, accuse any Party of wrongdoing, or suggest the Settlement is in any way an indication of wrongdoing. Nothing in this Agreement shall be construed to prevent Plaintiffs and Class Counsel from freely and frankly communicating with the Settlement Class Members.

10.2.   ***Waiver***. The provisions of this Agreement may be waived only by an instrument in writing executed by the waiving party. The waiver by any party of any breach of this Agreement shall not be deemed to be or construed as a waiver of any other breach, whether prior, subsequent, or contemporaneous, of this Agreement.

10.3.   ***Entire Agreement***. This Agreement is the entire agreement among the Parties and it supersedes any prior agreements, written or oral, between the Parties. This Agreement cannot be altered, modified or amended except through a writing executed by all Parties. No Party is relying on anything not expressly set forth in this Agreement.

10.4.   ***Construction of Agreement***. This Agreement shall be construed to effectuate the intent of the Parties to resolve all disputes encompassed by the Agreement. All Parties have participated in the drafting of this Agreement, and any ambiguity shall not be resolved by virtue of a presumption in favor of any Party. The Agreement was reached at arm's-length by the Parties represented by counsel. None of the Parties shall be considered to be the drafter of this Agreement or any provision hereof for the purposes of any statute, case law, or rule of interpretation or construction.

10.5.   ***Principles of Interpretation***. The following principles of interpretation apply to this Agreement:

(a)    The headings of this Agreement are for reference only and do not affect in any way the meaning or interpretation of this Agreement.

(b)    Definitions apply to the singular and plural forms of each term defined.

(c)    Definitions apply to the masculine, feminine, and neutral genders of each term defined.

(d)    References to a person are also to the person's permitted successors and assignees.

(e)    Whenever the words "include," "includes," or "including" are used in this Agreement, they shall not be limiting but rather shall be deemed to be followed by the words "without limitation."

10.6.   ***Executed in Counterparts***.  This Agreement may be executed in counterparts, all of which shall be considered the same as if a single document had been executed, and shall become effective when such counterparts have been signed by each of the Parties and delivered to each other Party. Counterpart copies of signature pages, whether delivered in original, by electronic mail in pdf format and/or by facsimile, taken together shall all be treated as originals and binding signatures.

10.7.   In the continuation of work that was already commenced in the ordinary course of Plan administration, Edward Jones will complete (within 24 months) the retention of the independent consultant to review the Plan's investment strategy, structure, and fund selections, as well as the request for proposal for Plan recordkeeping services described in Section 6.1(b).

10.8.   ***Notices***. Unless otherwise provided herein, any notice, request, instruction, application for Court approval, or application for Court Order sought in connection with the Agreement,

shall be in writing and delivered personally or sent by certified mail or overnight delivery

service, postage prepaid, with copies by facsimile or e-mail to the attention of Class

Counsel or Defendants' Counsel (as well as to any other recipients that a court may

specify). Parties may change the person(s) to whom such notices should be directed by

giving notice pursuant to this Section. As of the date hereof, the respective representatives

are as follows:

**For Defendants:**

**Thomas J. Kavaler**
Cahill Gordon & Reindel LLP
80 Pine Street
New York, NY 10005-1702
Telephone:    (212) 701-3406
Facsimile:    (212) 378-2230
Email:        tkavaler@cahill.com

-and-

**James F. Bennett**
Dowd Bennett LLP
7733 Forsyth Blvd.
Suite 1900
St. Louis, MO 63105
Telephone:    (314) 889-7302
Facsimile:    (314) 378-2230
Email:        jbennett@dowdbennett.com

**Edward Jones**
Office of General Counsel
12555 Manchester Rd.
St. Louis, MO 63131

**For Plaintiffs:**

**Gregory Y. Porter**
Bailey & Glasser, LLP
910 17th Street, NW
Suite 800
Washington, D.C. 20006
Telephone:    (202) 463-2101
Facsimile:    (202) 463-2103
Email:        gporter@baileyglasser.com

-and-

**Mark G. Boyko**
Bailey & Glasser, LLP
8012 Bonhomme Ave.
Suite 300
St. Louis, MO 63105
Telephone:   (314) 863-5446
Facsimile:   (314) 863-5483
Email:      mboyko@baileyglasser.com

10.9.  *Extensions of Time*. The Parties may agree, subject to the approval of the Court where

required, to reasonable extensions of time to carry out the provisions of the Agreement.

10.10. *Governing Law*.  This Agreement shall be governed by and construed in accordance with

the laws of Missouri without giving effect to any conflict of law provisions that would

cause the application of the laws of any jurisdiction other than Missouri and any dispute

arising out of shall be adjudicated in the United States District Court for the Eastern

District of Missouri.

10.11. *Fees and Expenses*. Except as otherwise expressly set forth herein, each Party hereto shall pay

all of his, her, or its fees, costs and expenses incurred in connection with the Action, including

fees, costs and expenses incident to his, her or its negotiation, preparation or compliance with

this Agreement, and including any fees, expenses and disbursements of its counsel,

accountants, and other advisors. Nothing in this Agreement shall require Defendants to pay

any monies other than as expressly provided herein.

10.12. *Communication With Current Participants*. Nothing in this Agreement or Settlement shall

prevent or inhibit the Company's ability to communicate with Current or Former Participants

of the Plan. The Company intends to inform Settlement Class Members of this settlement

prior to their receipt of notice under this Agreement, via a communication approved by the

Parties.

10.13. *Retention of Jurisdiction.* The Parties shall request that the Court retain jurisdiction of this

matter after the Effective Date and enter such Orders as necessary or appropriate to effectuate

the terms of the Agreement, including the bar order referenced in Section 5.2.

**Agreed to on behalf of plaintiffs Valeska Schultz, Melanie Waugh, and Rosalind Staley**

Dated: 12-11-18

By: _____

Mark G. Boyko
Bailey & Glasser, LLP
8012 Bonhomme Ave. Suite 300
St. Louis, MO 63105
Telephone:     (314) 863-5446
Facsimile:      (314) 863-5483
Email: mboyko@baileyglasser.com

**Agreed to on behalf of defendants Edward D. Jones & Co., L.P., The Edward Jones Investment and Education Committee, The Edward Jones Profit Sharing and 401(k) Administrative Committee, Brett Bayston, Bonnie Caudle, Mark Vivian, Stina Wishman, Jan-Marie Kain, Linda Bannister, Ann Echelmeier, Curtis Long, David Gibson, Ken Blanchard, Jason Jonczak, Julie Rea, Asma Usmani, Glen Kolod, Juli Johnson, Jess Dechant and Peggy Robinson**

Dated: _____

By: _____

Chris Lewis
Edward Jones
12555 Manchester Rd.
St. Louis, MO 63131
Telephone:     (314)515-3056

EXHIBIT A

**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| VALESKA SCHULTZ *et al*., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 4:16-cv-1346-JAR |
| | ) | |
| EDWARD D. JONES & CO., L.P., *et al*., | ) | |
| | ) | |
| Defendants. | ) | |

## JUDGMENT APPROVING SETTLEMENT OF CLASS ACTION

WHEREAS, Valeska Schultz, Melanie Waugh, and Rosalind Staley (the "Plaintiffs") in the above captioned-lawsuit (the "Action") on behalf of themselves and the Settlement Class, and Defendants Edward D. Jones & Co., L.P., The Edward Jones Investment and Education Committee, The Edward Jones Profit Sharing and 401(k) Administrative Committee, Brett Bayston, Bonnie Caudle, Mark Vivian, Stina Wishman, Jan-Marie Kain, Linda Bannister, Ann Echelmeier, Curtis Long, David Gibson, Ken Blanchard, Jason Jonczak, Julie Rea, Asma Usmani, Glen Kolod, Juli Johnson, Jess Dechant and Peggy Robinson (the "Defendants"), have entered into a Class Action Settlement Agreement dated December 11, 2018, (the "Settlement Agreement"), that provides for a complete dismissal with prejudice of all claims asserted in the Action against Defendants by Settlement Class Members on the terms and conditions set forth in the Settlement Agreement, subject to the approval of this Court (the "Settlement");

WHEREAS, unless otherwise defined in this Judgment, the capitalized terms herein shall have the same meaning as they have in the Settlement Agreement;

WHEREAS, by Order dated _____ (the "Preliminary Approval Order"), this Court (1) conditionally certified the Settlement Class and appointed Class Counsel; (2) preliminarily

1

approved the Settlement; (3) directed notice to Settlement Class Members and approved the plan and form of Notice; (4) appointed a Settlement Administrator; (5) scheduled a Fairness Hearing; and (6) scheduled a hearing on Plaintiffs' Counsels' motion for fees and costs and the payment of Case Contribution Awards;

WHEREAS, due and adequate notice has been given to the Settlement Class;

WHEREAS, the Court conducted a hearing on _____ (the "Fairness Hearing") to consider, among other things, (a) whether the proposed Settlement on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, adequate and in the best interests of the Settlement Class and should be approved by the Court; (b) whether a Judgment substantially in the form attached as Exhibit A to the Agreement should be entered dismissing with prejudice all claims asserted in the Action against Defendants with respect to Settlement Class Members; (c) whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (d) whether the motion by Plaintiffs' Counsel for an award of attorneys' fees and reimbursement of litigation expenses and for Case Contribution Awards should be approved; and

WHEREAS, the Court having reviewed and considered the Settlement Agreement, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the proposed Settlement, and the record in the Action, and good cause appearing therefor;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1.      **<u>Jurisdiction</u>:** The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and each of the Settlement Class Members.

2

2.     **Incorporation of Settlement Documents:**  This Judgment incorporates and makes a part hereof: (a) the Settlement Agreement filed with the Court on December 11, 2018, including the Plan of Allocation submitted therewith, and (b) the  Notice submitted approved by the Court on _____.

3.     **Class Certification for Settlement Purposes**: The Court hereby affirms its determinations certifying, for the purposes of the Settlement only, the Action as a class action pursuant to Rule 23(b)(1) of the Federal Rules of Civil Procedure with the Settlement Class consisting of all Current and Former Participants in the Plan who maintained a balance of any amount in the Plan at any point during the period from August 19, 2010 to the date of entry of the Preliminary Approval Order.

4.     **Adequacy of Representation:** Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of Settlement only, the Court hereby affirms its determinations in the Preliminary Approval Order certifying Plaintiffs as Class Representatives for the Settlement Class and appointing Plaintiffs' Counsel as Class Counsel for the Settlement Class both in terms of litigating the claims of the Settlement Class and for purposes of entering into and implementing the Settlement and finding that the Settlement has satisfied the requirements of Federal Rules of Civil Procedure 23(a)(4) and 23(g).

5.     **Notice:** The Court finds that the dissemination of the Notice: (i) was implemented in accordance with the Preliminary Approval Order; (ii) constituted the best notice reasonably practicable under the circumstances; (iii) constituted notice that was reasonably calculated, under the circumstances, to apprise all Settlement Class Members of the pendency of the Action, of the effect of the Settlement (including the releases provided for therein), of Plaintiffs' Counsels' motion for an award of attorneys' fees and reimbursement of litigation expenses and case

contribution awards, of their right to object to the Settlement, the Plan of Allocation and

Plaintiffs' Counsels' motion for attorneys' fee and reimbursement of litigation expenses, and of

their right to appear at the Fairness Hearing; (iv) constituted due, adequate, and sufficient notice

to all persons or entities entitled to receive notice of the proposed Settlement; and (v) satisfied

the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States

Constitution including the Due Process Clause, and all other applicable law and rules.

6.      **Final Settlement Approval and Dismissal of Claims:** Pursuant to, and in

accordance with, Rule 23 of the Federal Rules of Civil Procedure, this Court hereby fully and

finally approves the Settlement set forth in the Agreement in all respects including, without

limitation, the amount of the Settlement; the releases provided for therein, including the release

of the Plaintiffs' Claims as against the Defendants and the Defendants' Claims as against the

Plaintiffs; and other dismissal with prejudice of the claims asserted in the Action against

Defendants by Settlement Class Members, and finds that the Settlement is, in all respects, fair,

reasonable and adequate, and is in the best interests of Plaintiffs and the Settlement Class. The

Parties are directed to implement, perform and consummate the Settlement in accordance with

the terms and provisions of the Agreement.

7.      As of the Effective Date, pursuant to Fed. R. Civ. P. 54(b), all of the claims

asserted in this Action against Defendants by Plaintiffs and Settlement Class Members are

hereby dismissed with prejudice. The Parties shall bear their own costs and expenses, except as

otherwise expressly provided in the Settlement Agreement.

8.      **Binding Effect**: The terms of the Settlement Agreement and of this Judgment

shall be forever binding on Defendants, Plaintiffs and all Settlement Class Members, as well as

their respective heirs, executors, administrators, predecessors, successors and assigns.

9.      **Releases**:  The releases set forth in the Settlement Agreement, including but not limited to Paragraphs 5.1 and 5.3 of the Settlement Agreement (the "Releases"), together with the definitions contained in Paragraphs 1.11, 1.30 and 1.40 of the Settlement Agreement relating thereto, are expressly incorporated herein in all respects. The Releases are effective as of the Effective Date. Accordingly, the Court orders that, as of the Effective Date:

a.    The Plaintiffs and each of the other Settlement Class Members, on behalf of themselves and their respective officers, directors, heirs, executors, administrators, predecessors, successors, affiliates and assigns, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived, discharged, and dismissed with prejudice each and every Claim against the Defendants and the other Defendant Released Parties and shall forever be enjoined from prosecuting any or all of the Plaintiffs' Claims against any of the Defendant Released Parties as more fully set forth in the Settlement Agreement; and

b.    Each of the Defendants, on behalf of themselves and their respective officers, directors, heirs, executors, administrators, predecessors, successors, affiliates and assigns, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived, discharged and dismissed with prejudice each and every Defendants' Claim against Plaintiffs and shall forever be enjoined from prosecuting any or all of the Defendants' Claims against the Plaintiffs, as more fully set forth in the Settlement Agreement.

10.    **Bar Order**:  Upon the Effective Date, all persons and entities shall be permanently enjoined, barred and restrained from bringing, commencing, prosecuting or asserting any and all claims, actions, suits, causes of actions, arbitrations, or demands in any forum against any of the Parties for recovery, contribution, indemnification or otherwise for any damages allegedly arising from any of the Released Claims as defined in the Settlement Agreement.

11.    **Rule 11 Findings**: The Court finds and concludes that the Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the commencement, maintenance, prosecution, defense and settlement of the claims asserted in the Action against Defendants by Settlement Class Members.

12.    **No Admissions**:  This Judgment, the Preliminary Approval Order, the Settlement Agreement (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), materials submitted in support of the Plan of Allocation, and the negotiations that led to the agreement in principle reached on December 11, 2018, the negotiation of the Settlement Agreement and its exhibits, and any papers submitted in support of approval of the Settlement, and any proceedings taken pursuant to or in connection with the Settlement Agreement or approval of the Settlement (including any arguments proffered in connection therewith): (a) shall not be offered against any of the Defendants as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants with respect to the truth of any fact alleged by Plaintiffs or the validity of any claim that was, could have been, or may be asserted or the deficiency of any defense that has been, could have been, or may be

asserted in this Action or in any litigation, or of any liability, negligence, fault, or other wrongdoing of any kind by any of the Defendants; (b) shall not be offered against Plaintiffs as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against Plaintiffs in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Settlement Agreement; provided, however, that if the Settlement Agreement is approved by the Court, the Parties and their respective counsel may refer to it to effectuate the protections from liability granted thereunder or otherwise to enforce the terms of the Settlement; (c) shall not be construed against any of the Parties as an admission, concession, or presumption that the Settlement Amount represents the amount which could be or would have been recovered by the Settlement Class after trial with respect to their claims in the Action; (d) shall not be construed against the Plaintiffs that any of the claims asserted or to be asserted in the Action are without merit, that any of the Defendants have or had meritorious defenses, or that damages recoverable by the Settlement Class would not have exceeded the Settlement Amount.

13.      **Retention of Jurisdiction**: Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over: (a) the Parties for purposes of the administration, interpretation, implementation and enforcement of the Settlement; (b) the disposition of the Settlement Fund; (c) any motion for an award of attorneys' fees and litigation expenses by Plaintiffs' Counsel in the Action that will be paid from the Settlement Fund; (d) any motion to approve the Plan of Allocation; (e) the Settlement Class Members for all matters relating to the Action; (f) the enforcement of the Bar Order against any person; and (g) the interpretation, implementation and enforcement of this Judgment.

14.     A separate order shall be entered on the motion of Plaintiffs' Counsel for an award of attorneys' fees and reimbursement of litigation expenses and Case Contribution Fees. Such order shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

15.     **Modification of Settlement Agreement**.  Without further approval from the Court, Plaintiffs and Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Settlement Agreement or any exhibits attached thereto to effectuate this Settlement that: (i) are not materially inconsistent with this Judgment; and (ii) do not materially limit the rights of Settlement Class Members in connection with the Settlement. Without further order of the Court, Plaintiffs and Defendants may agree to reasonable extensions of time to carry out any provisions of the Settlement.

16.     **Termination**: If the Effective Date does not occur or the Settlement is terminated as provided in the Settlement Agreement, then this Judgment (and any orders of the Court relating to the Settlement) shall be vacated, rendered null and void and be of no further force or effect, except as otherwise provided by the Settlement Agreement.

17.     **Entry of Final Judgment**:  There is no just reason to delay entry of this Judgment as a final judgment with respect to the claims asserted in the Action against Defendants by Settlement Class Members. Accordingly, the Clerk of the Court is expressly directed to immediately enter this final judgment pursuant to Fed. R. Civ. P. 54(b) as against Defendants.

**SO ORDERED** this ___ day of _____, 2019.


_____
The Honorable John A. Ross

United States District Court Judge

EXHIBIT B

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| VALESKA SCHULTZ *et al*., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 4:16-cv-1346-JAR |
| | ) | |
| EDWARD D. JONES & CO., L.P., *et al*., | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

*A federal court has authorized this Notice.  This is not a solicitation from a lawyer.*

**PLEASE READ THIS NOTICE CAREFULLY AS IT MAY AFFECT YOUR RIGHTS.**

You are receiving this notice because the records of the Edward D. Jones & Co. Profit Sharing and 401(k) Plan ("the Plan") indicate that you were a participant in the Plan who maintained a balance of any amount in the Plan at any point during the period from January 1, 2010 to [date of entry of the Preliminary Approval Order]. As such, your rights may be affected by a proposed settlement of this class action lawsuit (the "Settlement").  **Please read the following information carefully to find out what the lawsuit is about, what the terms of the proposed settlement are, what rights you have to object to the proposed settlement agreement if you disagree with its terms, and what deadlines apply.**

> You do not need to do anything to be a part of this Class or, if the settlement is approved, to receive your share of the distribution. If you still have your savings in the Plan, your distribution will be made directly into your Plan account. If you have left the Plan, a check will be mailed to you.

## What this Lawsuit is About

This class action lawsuit was filed on August 19, 2016, on behalf of certain Plan participants.  Valeska Schultz, Melanie Waugh and Rosalind Staley (referred to as "**Plaintiffs**" or "**Class Representatives**") are the named plaintiffs and the representatives on behalf of all members of the Settlement Class in the lawsuit.

Plaintiffs sued Edward D. Jones & Co., L.P., The Jones Financial Companies, L.L.L.P. the Edward Jones Investment and Education Committee, the Edward Jones Profit Sharing and 401(k) Administrative Committee and members of those committees (together, "**Defendants**"). The lawsuit involves claims that Defendants violated the federal Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1104(a), by choosing investment funds that the

Plan offered based on whether Edward Jones had a corporate relationship with the fund's provider, not whether the fund was a prudent investment option.  Plaintiffs allege that the Plan selected investment options that consisted predominantly of mutual funds managed by "partners" and "preferred partners" of Edward Jones — investment management companies that worked closely with Edward Jones brokers and agents and paid revenue sharing to Edward Jones based on Edward Jones marketing their funds to Edward Jones clients.  Plaintiffs allege there were superior, less expensive investment options available that Defendants should have chosen for the Plan.  Plaintiffs also allege that Defendants caused Plan participants to pay excessive recordkeeping fees.

Defendants deny all allegations of wrongdoing, fault, liability or damage to the Plaintiffs and the class, deny that they have engaged in any wrongdoing or violation of law or breach of duty, or acted in any way that was not in the best interest of the plan, and believe they acted properly at all times.

### The Terms of the Settlement

This case has been pending since August 2016. To avoid prolonging the litigation further, Plaintiffs and Defendants have agreed to a settlement.  Assuming the Settlement is approved by the Court, settling the case means that monetary relief will be distributed to the Settlement Class, and without the further delay and uncertainty of additional litigation.  The terms of the Settlement are set forth in the Class Action Settlement Agreement, dated December __, 2018 ("Settlement Agreement"), which is available at www._____.com, and are summarized below.

1.  The Settlement Class Covered by the Settlement.  The Court certified a Settlement Class, and the settlement applies to and is binding on that Class. The Settlement Class is defined as:

> All current and former participants in the Plan who maintained a balance of any amount in the Plan at any point during the period from January 1, 2010 to the date of the entry of the Preliminary Approval Order.

Defendants, including individual members of the Edward Jones Investment and Education Committee and the Edward Jones Profit Sharing and 401(k) Administrative Committee, as well as their beneficiaries, are excluded from the Class. Whether a person is a member of this Settlement Class is reflected in Edward D. Jones & Co., L.P.'s ("Edward Jones") records.  Such records indicate you may be a member of the Settlement Class because you are a current or former participant in the Plan who maintained a balance of any amount in the Plan at any point during the period from January 1, 2010 to the date of the entry of the Preliminary Approval Order.

2.  The Payment and Allocation of a Settlement Fund.  Edward Jones will cause $3,175,000  (the "Settlement Amount") to be paid to settle the lawsuit.  This sum, after the deduction of reasonable amounts to be approved by the Court for Case Contribution awards to

Plaintiffs and Attorneys' Fees and Expenses, Administration Costs, and Taxes and Tax-Related Costs,[1] will be distributed to participants in the Plan during the relevant period, pursuant to a Plan of Allocation approved by the Court. The details of the Plan of Allocation are available at www._____.com, and are generally calculated using the average year-end account balances of each participant during the Class Period. Pursuant to the terms of the Settlement Agreement, the Settlement Administrator has obtained plan records and will pay your award, if any. Consequently, all inquiries related to such distributions should be addressed solely to the Settlement Administrator, at the addresses listed below.

       3.     <u>The Release of Claims by the Settlement Class</u>.  In exchange for the Settlement Payment, all members of the Settlement Class will release Defendants from claims related to the facts or defenses asserted in the action.  Specifically, they will release Defendants, and each of their predecessors, successors, parents, subsidiaries, affiliates, divisions, assigns, officers, directors, committees, partners, members, employees, fiduciaries, administrators, actuaries, agents, insurers, representatives, attorneys, retained experts and trustees (including but not limited to the current and past trustees or fiduciaries of the Plan and current and/or past members of the Edward Jones Investment and Education Committee and Edward Jones Profit Sharing and 401(k) Administrative Committee), from any and all claims for monetary, injunctive and all other relief against Defendants Edward D. Jones & Co., L.P., The Edward Jones Investment and Education Committee, The Edward Jones Profit Sharing and 401(k) Administrative Committee, Brett Bayston, Bonnie Caudle, Mark Vivian, Stina Wishman, Jan-Marie Kain, Linda Bannister, Ann Echelmeier, Curtis Long, David Gibson, Ken Blanchard, Jason Jonczak, Julie Rea, Asma Usmani, Glen Kolod, Juli Johnson, Jess Dechant and Peggy Robinson, as well as all other Defendant Released Parties that arise out of or relate to the transactions and occurrences asserted in the Action, or that could have been asserted in the Action, including, but not limited to,  the selection and monitoring of Plan investment options and the expense of the Plan's recordkeeper. Released Claims shall not include claims to enforce the covenants or obligations set forth in this Agreement, nor shall they include, and this Agreement does not in any way bar, limit, waive, or release, any individual claim by any Plaintiff or a Settlement Class Member for vested benefits that are otherwise due under the terms of the Plan.  The Release is set forth in full in the Settlement Agreement, which can be viewed online at www.edwardjones401ksettlement.com, or requested from Class Counsel.

<b><u>The Settlement Approval Process</u></b>

       The Court granted preliminary approval of the proposed Settlement, and approved this notice. The Settlement will not take effect, however, until the Court enters a final approval order. The Court will hold a Fairness Hearing on _____, which will take place at the _____. The date and location of the Fairness Hearing is subject to change by order of the Court, which will appear on the Court's docket for the case. Prior to the Fairness Hearing, the named Plan fiduciary will select an Independent Fiduciary to provide an authorization as may be

---

[1]     All capitalized terms not defined in this Notice shall be construed consistent with the definitions provided in the Settlement Agreement.

required by Prohibited Transaction Exemption 2003-39 or any other applicable class or statutory exemptions.

## The Opportunity to Object to the Settlement

Prior to the Fairness Hearing, Class members will have the opportunity to object to the proposed Settlement.  Class members can give reasons why they think the Court should not approve it.  To object, you must send your objection to the Court, at _____, and to the Parties at the following addresses:

To Class Counsel:

Gregory Y. Porter
BAILEY & GLASSER LLP
910 17th Street, NW
Suite 800
Washington, DC 20006

Mark G. Boyko
Bailey & Glasser, LLP 8012
Bonhomme Ave. Suite 300
St. Louis, MO 63105
Telephone:     (314) 863-5446
Facsimile:     (314) 863-5483
Email:  mboyko@baileyglasser.com

To Defendants' Counsel:

**Thomas J. Kavaler**
Cahill Gordon & Reindel LLP
80 Pine Street
New York, NY 10005-1702
Telephone:     (212) 701-3406
Facsimile:     (212) 378-2230
Email:tkavaler@cahill.com

**James F. Bennett**
Dowd Bennett LLP
7733 Forsyth Blvd.
Suite 1900
St. Louis, MO 63105
Telephone:     (314) 889-7302
Facsimile:     (314) 378-2230
Email:  jbennett@dowdbennett.com

Objections must be filed with the Court Clerk on or before _____, 2019.  Objections filed after that date will not be considered.  Any Class member failing to submit a timely objection will be deemed to have waived any objection he or she might have, and any untimely objection will be barred absent an order from the Court.  Objections must include: (1) the case name and number; (2) your full name, current address, telephone number and signature; (3) a statement that you are a Class member and an explanation of the basis upon which you claim to be a Class member; (4) all grounds for the objection, with specificity, accompanied by any legal support known to you or your counsel; (5) a statement as to whether you or your counsel intends to personally appear and/or testify at the Fairness Hearing; (6) a list of any persons you or your counsel may call to testify at the Fairness Hearing in support of your objection, and (7) whether your objection applies only to you, to a specific subset of the class, or to the entire class.

Anyone who files and serves a timely written objection in accordance with the instructions above may also appear at the Fairness Hearing either in person or through qualified counsel retained at his or her own expense.  Those persons or their attorneys intending to appear at the Fairness Hearing must effect service of a notice of intention to appear setting forth: (1) the name, address, and telephone number of the Settlement Class member, and (2) if applicable, the name, address, and telephone number of that Class member's attorney — on Class Counsel and Defendants' counsel (at the addresses set out above) and file it with the Court Clerk by no later than _____.  Anyone who does not timely file and serve a notice of intention to appear in accordance with this paragraph shall not be permitted to appear at the Fairness Hearing, except by Order of the Court for good cause shown.  Any comment or objection that is timely filed will be considered by the Court even in the absence of a personal appearance by the Settlement Class member or his or her counsel.

The Court will consider objections in deciding whether to grant final approval.  Objectors are not required to attend the Fairness Hearing, but if you intend to appear you must state your intention to do so in the manner described above.  Class members who do not comply with these procedures, or who miss the deadline to file an objection, lose the opportunity to have their objection considered by the Court or to appeal from any order or judgment entered by the Court regarding the Settlement.

### Attorneys' Fees and Case Contribution Award for Named Plaintiffs

The Settlement Class is represented by Class Counsel. The attorneys for the Settlement Class are as follows:

| | |
|---|---|
| Gregory Y. Porter | Mark G. Boyko |
| BAILEY & GLASSER LLP | BAILEY & GLASSER LLP |
| 1055 Thomas Jefferson Street NW | 8012 Bonhomme Ave |
| Suite 540 | Suite 300 |
| Washington, DC 20007 | St. Louis, MO 63105 |

Class Counsel and the Class Representatives have devoted many hours to investigating the claims, bringing this case, and pursuing it for over two years. During that time, Class Counsel

incurred case expenses in addition to the time spent by attorneys, paralegals, and others. Class Counsel also took the risk of litigation and have not been paid for their time and expenses while this case has been pending before the Court.

Class Counsel will file a motion with the Court seeking approval of payment from the Settlement Fund of the expenses they incurred in prosecuting the case, reasonable attorneys' fees, and a Case Contribution Award not to exceed $10,000 for each of the three Class Representatives.  Class Counsel intend to seek attorneys' fees not to exceed one-third of the Settlement Fund, or $1,058,333.  The motion and supporting papers will be filed on or before ____, 2019.  After that date, you may review the motion and supporting papers at www._____.com.  Any attorneys' fees, expenses, and Case Contribution Award approved by the Court, in addition to the expenses incurred by the Settlement Administrator in sending this notice and administering the Settlement, will be paid from the Settlement Fund.

### Getting More Information

> You do not need to do anything to be a part of this Class or, if the settlement is approved, to receive your share of the distribution. If you still have your savings in the Plan, your distribution will be made directly into your Plan account. If you have left the Plan, a check will be mailed to you.

You can visit the settlement website at **www.edwardjones401ksettlement.com** where you will find the full Settlement Agreement, the Court's order granting preliminary approval, this notice and other relevant documents. If there are any changes to these deadlines, the date of the Final Approval Hearing, or Settlement Agreement, those changes will be posted to the Settlement Website. <u>You will not receive an additional mailed notice with those changes</u>, unless separately ordered by the Court. If you cannot find the information you need on the website, you may also contact **1-800-xxx-xxxx** for more information.  Please do not contact the Court to get additional information.

Dated: December __, 2018                By Order of the United States District Court
                                                       District Judge _____

EXHIBIT C

## A.    PLAN OF ALLOCATION

1.    The Settlement Administrator shall obtain from the Recordkeeper and/or the Company the balances for each Class Member in their Plan accounts (401(k) and profit sharing) as of January 1, 2010, (or as close thereto as practicable) and as of December 31 in 2010, and on December 31 of each subsequent year of the Class Period up to and including 2017. For 2018, September 30, 2018, or a later date up to the date of the signing of the Settlement Agreement, will be used. The Participant's plan account balance, calculated as the sum of each participants' balance in their Plan Profit Sharing and 401(k) accounts, at each such time will be known as the "Annual Account Balance".

2.    The Settlement Administrator shall obtain, in writing, an agreement between the Company, Class Counsel, and the Settlement Administrator on the net settlement proceeds, after payment of fees, expenses, costs and awards, and an agreed-upon additional amount for anticipated and unanticipated future settlement expenses ("Distributable Settlement Amount").

3.    Allocation of payments shall be in proportion to class member investments in the Plan.  The Distributable Settlement Amount, will be allocated as follows:

    a.  First: Calculate the sum of all Annual Account Balances for each year of the class period.

    b.  Second: allocate each Class Member a share of the Distributable Settlement Amount in proportion to the sum of that participant's Annual Account Balances, where the numerator is class member's Annual Account Balances and the denominator is the total of all Class Member's Annual Account Balances;

4.    Class members who are entitled to a distribution of less than $10.00 (combining all accounts, whether 401(k) or Profit Sharing) will receive a distribution of $10. Class members' awards falling below $10.00, will be progressively increased to $10 from the Distributable Settlement Amount and the Distributable Settlement Amount will be re-allocated until the lowest

participating Class member award is $10.00.  This modified award shall be known as the Class Member's Entitlement Amount.

5.      For Participants with an Active Account (an account with a positive balance) at the time of distribution, each Participant's Class Member's Entitlement Amount will be allocated into their 401(k) and profit sharing accounts in proportion to each account's contribution to that Class Member's Entitlement Amount. For Participants with an Active Account in only the 401(k) or Profit Sharing portions of the Plan, the entire Class Member's Entitlement Amount will be allocated to the Active Account. For Class Members with no Active Account at the time of distribution, a single distribution will be made based on the combined Class Member Entitlement Amount.

6.      The Settlement Administrator shall utilize the calculations required to be performed herein for making the required distributions of the Entitlement Amount, less any required tax withholdings or penalties, to each Class Member. In the event that the Settlement Administrator determine that the Plan of Allocation would otherwise require payments exceeding the Distributable Settlement Amount, the Settlement Administrator is authorized to make such changes as are necessary to the Plan of Allocation such that said totals do not exceed the Distributable Settlement Amount. The Settlement Administrator shall be solely responsible for performing any calculations required by this Plan of Allocation.

7.      If the Settlement Administrator concludes that it is impracticable to implement any provision of the Plan of Allocation, it shall be authorized to make such changes to the methodology as are necessary to implement as closely as possible the terms of the Settlement Agreement, so long as the total amount of all un-voided checks to be written by the Settlement

Administrator does not—without written agreement of the Company and Class Counsel—exceed the Distributable Settlement Amount.

8.     No sooner than fourteen (14) calendar days following the expiration of all un-deposited checks issued pursuant to this Plan of Allocation, any amount remaining in the Qualified Settlement Fund shall be paid to the Plan for the purpose of defraying administrative fees and expenses of the Plan that would otherwise be charged to the Plan's Participants. In no event shall any part of the Settlement Fund be used to reimburse any Defendant or otherwise offset costs, including settlement related costs, incurred by any Defendant.

EXHIBIT D

**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| VALESKA SCHULTZ *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 4:16-cv-1346-JAR |
| | ) | |
| EDWARD D. JONES & CO., L.P., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**PRELIMINARY APPROVAL ORDER**

1) **CONDITIONALLY CERTIFYING THE SETTLEMENT CLASS AND APPOINTING CLASS COUNSEL;**
2) **GRANTING PRELIMINARY APPROVAL OF THE SETTLEMENT;**
3) **ENJOINING SETTLEMENT CLASS MEMBERS FROM PURSUING ANY CLAIMS THAT ARISE OUT OF OR RELATE IN ANY WAY TO THE CLAIMS AT ISSUE IN THIS ACTION PENDING FINAL APPROVAL OF THE SETTLEMENT;**
4) **DIRECTING NOTICE TO SETTLEMENT CLASS MEMBERS AND APPROVING THE PLAN AND FORM OF NOTICE;**
5) **APPOINTING A SETTLEMENT ADMINISTRATOR;**
6) **SCHEDULING A FAIRNESS HEARING; AND**
7) **SCHEDULING A HEARING ON CLASS COUNSEL'S MOTION FOR FEES AND COSTS AND THE PAYMENT OF SERVICE AWARDS TO THE NAMED PLAINTIFFS.**

The Court having received and considered Plaintiffs Unopposed Motion for Preliminary Approval, Plaintiffs' Unopposed Motion for Certification of Settlement Class, and Motion for Appointment of Class Counsel (the "Motion") (Doc. __) in the above-captioned action (the "Action") and supporting papers including the Class Action Settlement Agreement dated December 11, 2018, (the "Settlement Agreement") and the declarations of counsel, having further considered the arguments of counsel and the pleadings and record in this case, and having held a hearing on the motion on _____, and finding good cause for granting the Motion,

**IT IS HEREBY ORDERED AS FOLLOWS:**

1.      Capitalized terms used in this Order that are not otherwise identified herein have the meaning assigned to them in the Settlement Agreement.

2.      This Court has jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e)(1).

3.      Venue before the Court is proper pursuant to 29 U.S.C. § 1132(e)(2).

4.      The terms set forth in the Settlement Agreement are hereby preliminarily approved, subject to further consideration at the Fairness Hearing provided for below.  The Court concludes that the Settlement Agreement is sufficiently within the range of reasonableness to warrant the preliminary approval of the Settlement Agreement, the scheduling of the Fairness Hearing, and the mailing of notices to Settlement Class Members, each as provided for in this Order.  The Court further finds that the formula proposed by Plaintiffs and Class Counsel for allocating the Distributable Settlement Amount among Settlement Class Members is fair and reasonable.

5.      The Court approves the retention by Class Counsel of KCC Class Action Services LLC, as the Settlement Administrator.

6.      In further aid of the Court's jurisdiction to review, consider, implement, and enforce the settlement, the Court orders that Plaintiffs and all Settlement Class Members are preliminarily enjoined and barred from commencing, prosecuting, or otherwise litigating, in whole or in part, either directly, representatively, derivatively, or in any other capacity, whether by complaint, counterclaim, defense, or otherwise, in any local, state, or federal court, or in any agency or other authority or forum wherever located, any contention, allegation, claim, cause of action, matter, lawsuit, arbitration, or action (including but not limited to actions pending as of

the date of this Order), that arises out of or relates in any way to the Released Claims.

7.     The Court approves the Notice of Proposed Class Action Settlement ("Notice") in the form attached as Exhibit B to the Settlement Agreement.

## Class Certification for Settlement Purposes

8.     Pursuant to Rule 23(b)(1) of the Federal Rules of Civil Procedure, the Court certifies, solely for the purposes of effectuating the Settlement, a proposed non-opt-out Settlement Class under Rule 23(b)(1) consisting of Current and Former Participants in the Plan who maintained a balance of any  amount in the Plan at any point during the period from August 19, 2010 to the date of this Order.

9.     Solely for purposes of the proposed Settlement of this Action, the Court finds that each element required for certification of the Settlement Class pursuant to Rule 23(a) of the Federal Rules of Civil Procedure has been met: (a) the members of the Settlement Class are so numerous that their joinder in the Actions would be impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of Named Plaintiffs are typical of the claims of the Settlement Class; (d) Named Plaintiffs and Named Plaintiffs' Counsel have fairly and adequately represented and protected the interests of the Settlement Class. With respect to the Settlement Class, the Court finds that the requirements of Rule 23(b)(1)(A) and 23(b)(1)(B) have been met. Prosecution of separate actions by individual members of the Settlement Class would create a risk of inconsistent or varying adjudications as to individual Settlement Class Members that would establish incompatible standards of conduct for the parties opposing the claims asserted in this Action. Monetary relief ordered as a result of any one action by an individual class member would alter the Plan for all class members, impairing or impeding those other members' ability to prosecute their interests.

10.     The Court hereby finds and concludes that pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, Plaintiffs are adequate class representatives and certifies them as Class Representatives for the Settlement Class. The Court also appoints Plaintiffs' Counsel as Class Counsel for the Settlement Class.

## Manner of Giving Notice

11.     Not later than fourteen (14) days after entry of this Order, Defendants shall cause data to be provided to the Settlement Administrator sufficient to determine the identity and last known address of Settlement Class Members. The names and addresses provided to the Settlement Administrator pursuant to this Order shall be used solely for the purpose of providing notice of this Settlement and for no other purpose.

12.     Not later than thirty-five (35) days after entry of this Order, the Settlement Administrator shall send the Notice by electronic mail to current Plan participants who are Settlement Class Members and have elected to receive their quarterly statements electronically, or by first-class mail to the address on file at the Plan's current recordkeeper for Current Participants who are Settlement Class Members and do not receive their quarterly statements electronically. Former Participants who are Settlement Class Members will receive the Notice by mail to the last address on file with the Plan's recordkeeper. For those receiving Notice via mail, the mailing address will be updated by the Settlement Administrator through the National Change of Address database before mailing (with all returned mail skip-traced and promptly re-mailed).

13.     Not later than five (5) days after sending the Notice to Settlement Class Members, the Settlement Administrator shall provide to Class Counsel and to Defendants' Counsel a declaration attesting to compliance with the sending of the Settlement Notices, as set forth above.

14.     The Court finds that the notice to be provided as set forth in this Order is the best means of providing notice to the Settlement Class Members as is practicable under the circumstances and, when completed, shall constitute due and sufficient notice of the Settlement and the Fairness Hearing to all persons affected by or entitled to participate in the Settlement, the hearing on the motion for fees, or the Fairness Hearing, in full compliance with the requirements of due process and the Federal Rules of Civil Procedure.

15.     All reasonable costs incurred by Plaintiffs' Counsel or the Settlement Administrator for providing the Notice as well as for administering the Settlement shall be paid as set forth in the Settlement Agreement without further order of the Court.

**Fairness Hearing**

16.     The Court will hold a settlement hearing (the "Fairness Hearing") on _____ in Courtroom 12 North of the United States District Court for the Eastern District of Missouri, located at the Thomas F. Eagleton U.S. Courthouse, 111 South 10th Street, St. Louis, Missouri 63102, for the following purposes (a) to determine whether the proposed Settlement on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, adequate and in the best interests of the Settlement Class and should be approved by the Court; (b) to determine whether a Judgment substantially in the form attached as Exhibit A to the Settlement Agreement should be entered dismissing with prejudice all claims asserted in the Action against Defendants with respect to Settlement Class Members; (c) to determine whether the proposed Plan of Allocation (attached as Exhibit C to the Settlement Agreement) for the net proceeds of the Settlement is fair and reasonable and should be approved; (d) to determine whether the motion by Plaintiffs' Counsel for an award of attorneys' fees and reimbursement of litigation expenses should be approved; and (e) to consider any other matters that may properly be brought before

the Court in connection with the Settlement. Notice of the Settlement and the Fairness Hearing shall be given to Settlement Class Members as set forth in Paragraph 12 of this Order.

17.     The Court may adjourn the Fairness Hearing and approve the proposed Settlement with such modification as the Parties may agree to, if appropriate, without further notice to the Settlement Class.

18.     Not later than 30 days before the Fairness Hearing, Class Counsel shall submit their papers in support of final approval of the Settlement Agreement and Class Counsels' applications for attorneys' fees, expenses and service payments.

## Objections to the Settlement

19.     The Court will consider written comments and objections to the Settlement Agreement, to the proposed award of attorneys' fees and expenses, or to the request for a Case Contribution Award for the Named Plaintiffs only if such written comments or objections are filed with the Court Clerk not later than 15 days before the Fairness Hearing and comply with the requirements of Paragraph 20 below, and are served on the Parties at the following addresses

For Filing with the Court:

To Class Counsel:

Gregory Y. Porter
BAILEY & GLASSER LLP
910 17th Street, NW
Suite 800
Washington, DC 20006

Mark G. Boyko
Bailey & Glasser, LLP 8012 Bonhomme Ave. Suite 300
St. Louis, MO 63105
Telephone:     (314) 863-5446
Facsimile:     (314) 863-5483

Email:  mboyko@baileyglasser.com

To Defendants' Counsel:

**Thomas J. Kavaler**
Cahill Gordon & Reindel LLP
80 Pine Street
New York, NY 10005-1702
Telephone:     (212) 701-3406
Facsimile:      (212) 378-2230 Email:tkavaler@cahill.com

**James F. Bennett**
Dowd Bennett LLP
7733 Forsyth Blvd.
Suite 1900
St. Louis, MO 63105
Telephone:     (314) 889-7302
Facsimile:      (314) 378-2230
Email:  jbennett@dowdbennett.com

20.     The Court will only consider written comments and objections to the Settlement that are signed by the Settlement Class Member and are timely filed with the Court and include all of the following: (a) the name and case number of the Action; (b) the Settlement Class Member's full name, address, telephone number, and signature; (c) a statement that the person submitting the comments or objections is a Settlement Class Member and an explanation of the basis upon which the person claims to be a Settlement Class Member; (d) all grounds for the objection, accompanied by any legal support known to the objector or his or her counsel; (e) a statement as to whether the Settlement Class Member or his or her counsel intends to personally appear and/or testify at the Fairness Hearing; and (f) a list of any persons the objector or his or her counsel may call to testify at the Fairness Hearing in support of the objection. Any member

of the Settlement Class or other person who does not timely file and serve a written objection complying with the terms of this paragraph shall be deemed to have waived, and shall be foreclosed from raising, any objection to the Settlement Agreement, and any untimely objection shall be barred absent an order from the Court. The Named Plaintiffs or Defendants may, bearing the cost, take discovery, including depositions not to exceed three hours in length, from anyone who files an objection with respect to any of the issues raised in the objection.

21.     Anyone who files and serves a timely, written comment or objection in accordance with this Order may also appear at the Fairness Hearing either in person or through qualified counsel retained at their own expense. Those persons or their attorneys intending to appear at the Fairness Hearing must effect service of a notice of intention to appear setting forth, among other things, the name, address, and telephone number of the Settlement Class Member (and, if applicable, the name, address, and telephone number of that Settlement Class Member's attorney) on Class Counsel and Defendants' Counsel (at the addresses set out above) and file it with the Court Clerk by no later than 15 days before the Fairness Hearing. Anyone who does not timely file and serve a notice of intention to appear in accordance with this paragraph shall not be permitted to appear at the Fairness Hearing, except by Order of the Court for good cause shown. Any comment or objection that is timely filed will be considered by the Court even in the absence of a personal appearance by the Settlement Class Member or that Settlement Class Member's counsel.

22.     The Parties may file written responses to any objections not later than 7 days before the Fairness Hearing.

## Termination of Settlement

23.     This Order shall become null and void, *ab initio*, and shall be without prejudice to

the rights of the Parties, all of whom shall be restored to their respective statuses as of the filing

of the Complaint, prior to this Settlement Agreement, if the Settlement Agreement is terminated

in accordance with the terms of the Settlement Agreement

## Use of Order

24.     This Order is not admissible as evidence for any purpose against Defendants in

any pending or future litigation involving any individual or entity. This Order (a) shall not give

rise to any inference of, and shall not be construed or used as an admission, concession, or

declaration against any Defendant of, wrongdoing or liability in the Actions or any other

proceeding; (b) is not an admission of any liability of any kind, whether legal or factual; (c) shall

not be used or received in evidence in any action or proceeding for any purpose, except in an

action or proceeding to enforce the Settlement Agreement; (d) shall not be construed or used as

an admission, concession, or declaration by or against Plaintiffs or the Settlement Class that their

claims lack merit or that the relief requested in the Actions is inappropriate, improper or

unavailable; (e) shall not be construed or used as an admission, concession, declaration or waiver

by any party of any arguments, defenses, or claims he, she, or it may have, including, but not

limited to, any objections by Defendants to class certification in the event that the Settlement

Agreement is terminated. This Order and the Settlement Agreement and any proceedings taken

pursuant to the Settlement Agreement are for settlement purposes only. Defendants specifically

deny any fault, breach, liability or wrongdoing.

## Jurisdiction

25.     The Court hereby retains jurisdiction for purposes of implementing the Settlement

Agreement, and reserves the power to enter additional orders to effectuate the fair and orderly

administration and consummation of the Settlement Agreement as may from time to time be

appropriate, and to resolve any and all disputes arising thereunder.


**SO ORDERED** this ___ day of _____, 2018.


_____
The Honorable John A. Ross
U.S. District Court Judge