UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| VALESKA SCHULTZ *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 4:16-cv-1346-JAR |
| | ) |
| EDWARD D. JONES & CO., L.P., *et al.*, | ) |
| | ) |
| Defendants. | ) |

## JUDGMENT APPROVING SETTLEMENT OF CLASS ACTION

**WHEREAS**, Valeska Schultz, Melanie Waugh, and Rosalind Staley (the "Plaintiffs") in the above captioned-lawsuit (the "Action") on behalf of themselves and the Settlement Class, and Defendants Edward D. Jones & Co., L.P., The Edward Jones Investment and Education Committee, The Edward Jones Profit Sharing and 401(k) Administrative Committee, Brett Bayston, Bonnie Caudle, Mark Vivian, Stina Wishman, Jan-Marie Kain, Linda Bannister, Ann Echelmeier, Curtis Long, David Gibson, Ken Blanchard, Jason Jonczak, Julie Rea, Asma Usmani, Glen Kolod, Juli Johnson, Jess Dechant and Peggy Robinson (the "Defendants"), have entered into a Class Action Settlement Agreement dated December 11, 2018, (the "Settlement Agreement"), that provides for a complete dismissal with prejudice of all claims asserted in the Action against Defendants by Settlement Class Members on the terms and conditions set forth in the Settlement Agreement, subject to the approval of this Court (the "Settlement");

**WHEREAS**, unless otherwise defined in this Judgment, the capitalized terms herein shall have the same meaning as they have in the Settlement Agreement;

**WHEREAS**, by Order dated December 13, 2018 (Doc. 97) (the "Preliminary Approval Order"), this Court (1) conditionally certified the Settlement Class and appointed Class Counsel;

1

(2) preliminarily approved the Settlement; (3) directed notice to Settlement Class Members and approved the plan and form of Notice; (4) appointed a Settlement Administrator; (5) scheduled a Fairness Hearing; and (6) scheduled a hearing on Plaintiffs' Counsels' motion for fees and costs and the payment of Case Contribution Awards;

**WHEREAS**, due and adequate notice has been given to the Settlement Class;

**WHEREAS**, the Court conducted a hearing on April 18, 2019 (the "Fairness Hearing") to consider, among other things, (a) whether the proposed Settlement on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, adequate and in the best interests of the Settlement Class and should be approved by the Court; (b) whether a Judgment substantially in the form attached as Exhibit A to the Agreement should be entered dismissing with prejudice all claims asserted in the Action against Defendants with respect to Settlement Class Members; (c) whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (d) whether the motion by Plaintiffs' Counsel for an award of attorneys' fees and reimbursement of litigation expenses and for Case Contribution Awards should be approved; and

**WHEREAS**, the Court having reviewed and considered the Settlement Agreement, all papers filed and proceedings held herein in connection with the Settlement, including all objections filed, all oral and written comments received regarding the proposed Settlement, and the record in the Action, and good cause appearing therefor;

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

1. **Jurisdiction:** The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and each of the Settlement Class Members.

2. **Incorporation of Settlement Documents:** This Judgment incorporates and makes a part hereof: (a) the Settlement Agreement filed with the Court on December 11, 2018, including the Plan of Allocation submitted therewith, and (b) the Notice submitted approved by the Court on December 13, 2018.

3. **Objections:** The Court has duly considered the objections to the Settlement that were filed and that were raised during the Fairness Hearing, namely, the objections filed by Heath Petsche (ECF 98), Anna Krause (ECF 103), and Shiyang Huang (ECF 104). For the reasons stated on the record and in the parties' respective briefing, the Court hereby overrules the objections.

4. **Class Certification for Settlement Purposes:** The Court hereby affirms its determinations certifying, for the purposes of the Settlement only, the Action as a class action pursuant to Rule 23(b)(1) of the Federal Rules of Civil Procedure with the Settlement Class consisting of all Current and Former Participants in the Plan who maintained a balance of any amount in the Plan at any point during the period from August 19, 2010 to the date of entry of the Preliminary Approval Order.

5. **Adequacy of Representation:** Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of Settlement only, the Court hereby affirms its determinations in the Preliminary Approval Order certifying Plaintiffs as Class Representatives for the Settlement Class and appointing Plaintiffs' Counsel as Class Counsel for the Settlement Class both in terms of litigating the claims of the Settlement Class and for purposes of entering into and implementing the Settlement and finding that the Settlement has satisfied the requirements of Federal Rules of Civil Procedure 23(a)(4) and 23(g).

6. **Notice:** The Court finds that the dissemination of the Notice: (i) was implemented

in accordance with the Preliminary Approval Order; (ii) constituted the best notice reasonably practicable under the circumstances; (iii) constituted notice that was reasonably calculated, under the circumstances, to apprise all Settlement Class Members of the pendency of the Action, of the effect of the Settlement (including the releases provided for therein), of Plaintiffs' Counsels' motion for an award of attorneys' fees and reimbursement of litigation expenses and case contribution awards, of their right to object to the Settlement, the Plan of Allocation and Plaintiffs' Counsels' motion for attorneys' fee and reimbursement of litigation expenses, and of their right to appear at the Fairness Hearing; (iv) constituted due, adequate, and sufficient notice to all persons or entities entitled to receive notice of the proposed Settlement; and (v) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution including the Due Process Clause, and all other applicable law and rules.

7.  **Final Settlement Approval and Dismissal of Claims:** Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Agreement in all respects including, without limitation, the amount of the Settlement; the releases provided for therein, including the release of the Plaintiffs' Claims as against the Defendants and the Defendants' Claims as against the Plaintiffs; and other dismissal with prejudice of the claims asserted in the Action against Defendants by Settlement Class Members, and finds that the Settlement is, in all respects, fair, reasonable and adequate, and is in the best interests of Plaintiffs and the Settlement Class. The Parties are directed to implement, perform and consummate the Settlement in accordance with the terms and provisions of the Agreement.

8.  As of the Effective Date, pursuant to Fed. R. Civ. P. 54(b), all of the claims asserted in this Action against Defendants by Plaintiffs and Settlement Class Members are

hereby dismissed with prejudice. The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Settlement Agreement.

9. **Binding Effect**: The terms of the Settlement Agreement and of this Judgment shall be forever binding on Defendants, Plaintiffs and all Settlement Class Members, as well as their respective heirs, executors, administrators, predecessors, successors and assigns.

10. **Releases**: The releases set forth in the Settlement Agreement, including but not limited to Paragraphs 5.1 and 5.3 of the Settlement Agreement (the "Releases"), together with the definitions contained in Paragraphs 1.11, 1.30 and 1.40 of the Settlement Agreement relating thereto, are expressly incorporated herein in all respects. The Releases are effective as of the Effective Date. Accordingly, the Court orders that, as of the Effective Date:

   a. The Plaintiffs and each of the other Settlement Class Members, on behalf of themselves and their respective officers, directors, heirs, executors, administrators, predecessors, successors, affiliates and assigns, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived, discharged, and dismissed with prejudice each and every Claim against the Defendants and the other Defendant Released Parties and shall forever be enjoined from prosecuting any or all of the Plaintiffs' Claims against any of the Defendant Released Parties as more fully set forth in the Settlement Agreement; and

   b. Each of the Defendants, on behalf of themselves and their respective officers, directors, heirs, executors, administrators, predecessors, successors, affiliates and assigns, shall be deemed to have, and by operation of law and of the judgment

shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived, discharged and dismissed with prejudice each and every Defendants' Claim against Plaintiffs and shall forever be enjoined from prosecuting any or all of the Defendants' Claims against the Plaintiffs, as more fully set forth in the Settlement Agreement.

11. **Bar Order**: Upon the Effective Date, all persons and entities shall be permanently enjoined, barred and restrained from bringing, commencing, prosecuting or asserting any and all claims, actions, suits, causes of actions, arbitrations, or demands in any forum against any of the Parties for recovery, contribution, indemnification or otherwise for any damages allegedly arising from any of the Released Claims as defined in the Settlement Agreement.

12. **Rule 11 Findings**: The Court finds and concludes that the Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the commencement, maintenance, prosecution, defense and settlement of the claims asserted in the Action against Defendants by Settlement Class Members.

13. **No Admissions**: This Judgment, the Preliminary Approval Order, the Settlement Agreement (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), materials submitted in support of the Plan of Allocation, and the negotiations that led to the agreement in principle reached on December 11, 2018, the negotiation of the Settlement Agreement and its exhibits, and any papers submitted in support of approval of the Settlement, and any proceedings taken pursuant to or in connection with the Settlement Agreement or

approval of the Settlement (including any arguments proffered in connection therewith): (a) shall not be offered against any of the Defendants as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants with respect to the truth of any fact alleged by Plaintiffs or the validity of any claim that was, could have been, or may be asserted or the deficiency of any defense that has been, could have been, or may be asserted in this Action or in any litigation, or of any liability, negligence, fault, or other wrongdoing of any kind by any of the Defendants; (b) shall not be offered against Plaintiffs as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against Plaintiffs in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Settlement Agreement; provided, however, that if the Settlement Agreement is approved by the Court, the Parties and their respective counsel may refer to it to effectuate the protections from liability granted thereunder or otherwise to enforce the terms of the Settlement; (c) shall not be construed against any of the Parties as an admission, concession, or presumption that the Settlement Amount represents the amount which could be or would have been recovered by the Settlement Class after trial with respect to their claims in the Action; (d) shall not be construed against the Plaintiffs that any of the claims asserted or to be asserted in the Action are without merit, that any of the Defendants have or had meritorious defenses, or that damages recoverable by the Settlement Class would not have exceeded the Settlement Amount.

14. **Retention of Jurisdiction**: Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over: (a) the Parties for purposes of the administration, interpretation, implementation and enforcement of the Settlement; (b) the

disposition of the Settlement Fund; (c) any motion for an award of attorneys' fees and litigation expenses by Plaintiffs' Counsel in the Action that will be paid from the Settlement Fund; (d) any motion to approve the Plan of Allocation; (e) the Settlement Class Members for all matters relating to the Action; (f) the enforcement of the Bar Order against any person; and (g) the interpretation, implementation and enforcement of this Judgment.

15. A separate order shall be entered on the motion of Plaintiffs' Counsel for an award of attorneys' fees and reimbursement of litigation expenses and Case Contribution Fees. Such order shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

16. **Modification of Settlement Agreement**. Without further approval from the Court, Plaintiffs and Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Settlement Agreement or any exhibits attached thereto to effectuate this Settlement that: (i) are not materially inconsistent with this Judgment; and (ii) do not materially limit the rights of Settlement Class Members in connection with the Settlement. Without further order of the Court, Plaintiffs and Defendants may agree to reasonable extensions of time to carry out any provisions of the Settlement.

17. **Termination**: If the Effective Date does not occur or the Settlement is terminated as provided in the Settlement Agreement, then this Judgment (and any orders of the Court relating to the Settlement) shall be vacated, rendered null and void and be of no further force or effect, except as otherwise provided by the Settlement Agreement.

18. **Entry of Final Judgment**: There is no just reason to delay entry of this Judgment as a final judgment with respect to the claims asserted in the Action against Defendants by Settlement Class Members. Accordingly, the Clerk of the Court is expressly

directed to immediately enter this final judgment pursuant to Fed. R. Civ. P. 54(b) as against Defendants.

**SO ORDERED.**

Dated this 22nd day of April, 2019.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE