# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| VALESKA SCHULTZ, *et al.*, | ) |
| Plaintiffs, | ) ) ) |
| v. | ) Case No. 4:16-cv-1346-JAR ) |
| EDWARD D. JONES & CO., L.P., *et al.*, | ) ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Objector-Appellant Shiyang Huang's pro se motion for extension of time to file a notice of appeal. (Doc. No. 117). Upon consideration, the motion will be granted.

On April 22, 2019, this Court entered its judgment approving settlement of this class action and order awarding attorneys' fees, reimbursement of expenses and case contribution awards. (Doc. Nos. 112, 113). Pursuant to Federal Rule of Appellate Procedure 4(a)(1), Huang had thirty (30) days to file his notice of appeal to the United States Court of Appeals for the Eighth Circuit. The deadline, therefore, for filing a notice of appeal in this case was May 22, 2019. However, Huang's notice of appeal was filed on May 28, 2019. (Doc. No. 114). After being notified by the Eighth Circuit that his notice of appeal appeared untimely (Doc. No. 116), Huang filed the instant motion pursuant to Rule 4(a)(5). Under Rule 4(a)(5), the district court may extend the time to file a notice of appeal if the party so moves no later than 30 days after the original filing deadline and shows excusable neglect or good cause.

In support of his motion, Huang asserts that the delay in filing was beyond his control. He explains that as a pro se litigant he lacks access to the CM/ECF electronic filing system and thus

mailed his notice of appeal by U.S. mail on May 20, 2019, with expected delivery on May 22, 2019. The envelope in which Huang's notice of appeal was mailed to this Court is date stamped received by this Court on May 23, 2019.[1] Huang also states he separately served his notice of appeal to all parties by electronic mail on May 20, 2019 as well as by U.S. first-class mail.

"Good cause" applies when there has been no fault by the appellant, excusable or otherwise. Fed. R. App. P. 4 Adv. Comm. Notes to 2002 Amendments, Subdivision (a)(5)(A)(ii). This generally occurs when the delay is caused by something entirely beyond the control of the moving party Id. The Court finds good cause under the circumstances here. Furthermore, any impact on judicial proceedings caused by the late filing was minimal, as is any prejudice to the defendants. Huang also appears to have acted in good faith. Although he might have mailed his notice earlier to account for any delivery issues with the postal service, the Court will grant Huang's motion for good cause. Huang is cautioned that he must pay the $505 docketing fee for his appeal immediately and that failure to do so will result in the issuance of an order from the Eighth Circuit Court of Appeals to show cause why his appeal should not be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that Objector-Appellant Shiyang Huang's pro se motion for extension of time to file a notice of appeal [117] is **GRANTED.**

Dated this 14th day of June, 2019.

_____
**JOHN A. ROSS
UNITED STATES DISTRICT JUDGE**

---

[1] Inexplicably, Huang's notice of appeal was received by this Court on May 23, 2019 but not received by the Eighth Circuit Court of Appeals until May 28, 2019. Regardless, Huang's notice was still a day late.