## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| VALESKA SCHULTZ, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 4:16-cv-1346-JAR |
| | ) |
| EDWARD D. JONES & CO., L.P., et al., | ) |
| | ) |
| Defendants. | ) |

### MEMORANDUM AND ORDER

This matter is before the Court on Objector Shiyang Huang's pro se Motion to Enforce Settlement, Compel Accounting, Order Payment of Lost Interest of the Class, and Equitable Reduction of Class Counsel Fee. (Doc. No. 131). Huang argues that Class Counsel breached its fiduciary duty to the Class by failing to distribute the settlement funds for over one year and to reimburse lost interest to the "$10 de minimis" class members. Huang also asks the Court to reduce Class Counsel's fee by the amount of interest earned on the class fund, i.e., $13,677, "to increase the de minimis distribution of class fund for its failure to distribute one year ago." The motion is fully briefed and ready for disposition. For the following reasons, the motion will be denied.

On April 22, 2019, this Court approved the settlement between the Class and Defendants. (Doc. No. 112). Of a class of 74,121 individuals, three filed objections (Doc. Nos. 98, 103, 104), which the Court overruled. Following final approval, Huang alone appealed to the Eighth Circuit Court of Appeals, thereby delaying the Effective Date of Settlement under the terms of the Court-approved Settlement Agreement. See Doc. No. 93-1 at ¶ 1.14 (The "Effective Date" is delayed by an appeal until "all appeals, including petitions for review, rehearing, or certiorari,

and any proceedings resulting therefore, have been finally disposed of..."). On January 30, 2020, the Eighth Circuit denied Huang's appeal. Huang then petitioned the United States Supreme Court for a writ of certiorari, which was denied on October 5, 2020. As a result, distributions to the Class were on hold until the Effective Date of the Settlement 25 days later, on October 31, 2020. Sup. Ct. R. 44.

Plaintiffs state that since that date, Class Counsel, Defendants, the Settlement Administrator, and Defendants' recordkeepers have had to update class member information; calculate the Distributable Settlement Amount to account for administrative costs and interest earned on the Settlement Fund; allocate to each Class Member a share of the Distributable Settlement Amount; and revise and re-allocate those amounts to progressively increase all Class Members to at least a $10 distribution. Under the terms of the Settlement Agreement, interest earned on the Settlement Fund is added to the total amount distributable to all Class Members before calculating the minimum $10 distributions. (Doc. No. 93-1 at 53, Plan of Allocation ¶¶ 2–4). Thus, Huang is not entitled to any additional interest on the $10 minimum distribution.

On March 30, 2021, Plaintiffs filed a declaration from Derek Smith, Director at KCC Class Action Services, LLC, confirming that the Settlement Administrator has now completed distributions to the Class Members. (Doc. Nos. 135, 135-1). Nothing in the record before the Court suggests that the conduct of Class Counsel was not in the best interest of the Class. While it was certainly his right to appeal, Huang cannot complain of delay in distributing settlement funds when that delay was the result of his appeal.

Accordingly,

**IT IS HEREBY ORDERED** that Objector Shiyang Huang's pro se Motion to Enforce Settlement, Compel Accounting, Order Payment of Lost Interest of the Class, and Equitable Reduction of Class Counsel Fee [131] is **DENIED.**

Dated this 31st day of March, 2021.

_____
**JOHN A. ROSS
UNITED STATES DISTRICT JUDGE**